FEE PAID

FILED
CLERK, U.S. DISTRICT COURT
APR - 8 2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___rsm___ DEPUTY

S/I

Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
424-219-1582

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>       Plaintiff,<br><br>v.<br><br>BOTTOM LINE CONCEPTS, LLC, and JOSHUA FOX,<br><br>       Defendants. | Case No. 2:23-CV-02667-SPG-KSx<br><br>**COMPLAINT FOR:**<br><br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 |

Plaintiff, Jorge Alejandro Rojas, files this Complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Defendants Bottom Line Concepts, LLC ("Bottom Line"), and Joshua Fox ("Fox"), collectively "Defendants", and alleges based on personal knowledge and information and belief, as follows:

## INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls

1  to cell phones and home phones. *See Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

3. This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls concerning the employee retention credit grant.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendants as they regularly and systemically conduct business in the state of California. Specifically, the Defendants conduct significant business in the State. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Plaintiff was located within this district, while traveling to Torrance, CA, when he received the phone call at issue in this action. Moreover, Plaintiff's telephone number is a 424, District number, which demonstrates that Defendants have purposefully directed their activities at this forum.

7. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois. Plaintiff was located within this district on travel when he received the telephone call at issue.

9. Defendant Bottom Line Concepts, LLC ("Bottom Line") is a Florida entity, with a principal address of 3323 NE 163rd Street Suite 302 North Miami Beach, FL 33160, and a registered agent of Joshua Fox, located at the same.

10. Defendant Joshua Fox ("Fox") is a Manager of Defendant Bottom Line and is located at the same address.

11. Defendants are each a person as defined by 47 U.S.C. § 153(39).

12. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

13. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

14. The TCPA makes it unlawful to make calls using an automatic telephone dialing system ("ATDS") without the call recipient's prior express consent.

15. The TCPA provides a private cause of action to persons who receive such automated or pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

16. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

17. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or

investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

18. The TCPA's definition of unsolicited advertisement applies to "means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

19. Under the TCPA, an individual may be personally liable for the acts alleged in the Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter alia: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person.*" (*emphasis* added)

20. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

21. Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

22. Employees can be held liable in TCPA actions for unlawful conduct.

23. The individual defendant in this case personally participated in the actions complained of by: (a) personally selecting the phone numbers that would be called; (b) approving the scripting that would be used on the calls; (c) selecting and managing the

dialing equipment or supplier of the same used to make the calls; and (d) personally paying for the calls.

### FACTUAL ALLEGATIONS

24. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582. The phone number is not associated with a business and is used by Plaintiff solely.

25. Plaintiff is the account holder and customary user of his phone number.

26. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

27. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

28. Plaintiff also alleges that Defendants may have made other telephone calls prior to the Call 1 identified below, which will be identified further in discovery.

29. **Call 1.** On or about April 3, 2023, at 2:06 PM Pacific time, Plaintiff received a telephone call from Defendants, from 786-936-1984.

30. Plaintiff missed this call.

31. Defendants left a pre-recorded voicemail, of a female, advertising the services of the Defendants employee retention credit processing services. The voicemail provided a call back number of the same number which called Plaintiff.

32. Plaintiff was on travel within this District when he received the telephone call. *See Luna v. Shac, LLC*, 2014 U.S. Dist. LEXIS 96847, *11 (N.D. Cal. July 14, 2014) (finding purposeful direction "where Shac intentionally sent text messages directly to cell phones with California based area codes, which conduct allegedly violated the TCPA and gave rise to this action, Shac expressly aimed its conduct at California."). *Branham v. ISI Alarms, Inc.*, 2013 U.S. Dist. LEXIS 124933, *28 (E.D. N.Y. Aug. 30, 2013) (holding that the defendants should have anticipated that the use of a system "to

call a New York cell-phone number could subject them to being hauled into court in New York.").

33. Plaintiff called the number back on April 4, 2023. Plaintiff ultimately spoke with a Dylan Jenkins who identified the company as Bottom Line Concepts and e-mailed Plaintiff an email from an email of dylan@bottom-lineconcepts.com.

34. During the telephone call, Defendant provided a website of https://www.bottomlinesavings.com. The website logo matches that which was included in the email from Dylan.

35. The voicemail left by the Defendants did not identify Bottom Line during the voicemail – instead they identified themselves as "Debiton."

36. This failure to identify also demonstrates the conduct alleged herein was done in a knowingly and/or willful manner.

37. A search online of the telephone number which made the call reveals that other individuals other than the Plaintiff have gotten telephone calls from the same number at issue here. *See* https://lookup.robokiller.com/p/786-936-1984 (noting 1,541 calls as of April 8, 2023).

38. Plaintiff alleges that Defendants use an ATDS for reasons including the fact that so many other individuals are receiving the same phone call.

39. The call was made for the purposes of soliciting the services of an organization which submits paperwork for the Employee Retention Credit to the appropriate government authorities.

40. Courts have relied in part on the "the general tort rule that 'corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body.'" *Universal Elections*, 787 F. Supp. 2d at 416 (internal citations omitted); *see also Am. Blastfax, Inc.*, 164 F. Supp. 2d at 898.

41. Defendant Fox engaged in the operation of the telemarketing scheme.

42. The conduct alleged in this action was made willful and knowingly, including for example failing to fully disclose identity during the call.

43. The TCPA requires telemarketers to provide training to their employees, contractors, etc., and Defendants have failed to properly train the same.

44. Defendants' phone call utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

45. Defendants' phone call left an automated or pre-recorded message on Plaintiff's telephone.

46. Plaintiff did not have a prior business relationship with Defendants.

47. Defendants did not have any consent to call Plaintiff.

48. Defendants are not an organization exempt from the TCPA.

49. Defendants' calls to Plaintiff were made for the purpose or intention of being a "telephone solicitation."

50. Defendants' calls to Plaintiff were made for the purpose or intention of being an "unsolicited advertisement."

51. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

52. Plaintiff alleges that Defendants train their affiliates to avoid divulging too much information to leads and customers to evade TCPA liability.

53. The impersonal and generic nature of the calls demonstrate Defendants utilized an ATDS and/or a pre-recorded voice in making the calls.

54. In total, Defendants and/or their affiliates placed at least one (1) telephone solicitation call to Plaintiff.

55. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendants.

56. Defendants have a pattern and practice of failing to comply with the TCPA.

57. The foregoing acts and omissions were in violation of the TCPA.

58. Defendants are engaging in violations of the TCPA to get business.

59. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

60. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500.00 for each call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

61. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

62. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

63. Plaintiff is also entitled to an award of costs.

64. Defendants' calls were not made for "emergency purposes."

65. Defendants' calls to Plaintiff were made without any prior express written consent.

66. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

67. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

68. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

69. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

**COUNT 1.** Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

70. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

71. Defendants or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least one (1) occasion in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

72. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

73. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $1,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered,

B. Statutory damages of $500.00 per call for every violation of 47 U.S.C. § 227(b),

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C),

D. All reasonable attorneys' fees, witness fees, court costs, pre-judgment and post-judgment interest, and other litigation costs incurred by Plaintiff,

E. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future,

F. Leave to amend this Complaint to conform to the evidence presented at trial,

G. Any other relief this Court deems proper.

Respectfully submitted,

Dated: April 8, 2023

JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582