Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
424-219-1582

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>               Plaintiff,<br><br>v.<br><br>UNPLUGGED MEDIA, LLC, and ALEXANDER BYKHOVSKY,<br><br>               Defendants. | Case No. 2:23-cv-02667-SPG-KS<br><br>District Judge Sherilyn Peace Garnett<br>Magistrate Judge Karen L. Stevenson<br><br>**OPPOSED EX PARTE APPLICATION FOR ALTERNATIVE SERVICE ON ALEXANDER BYKHOVSKY** |

      Plaintiff, Jorge Alejandro Rojas, proceeding pro se, and pursuant to Fed. R. Civ. P. 4, applies to this Court ex parte for an order approving an alternative means of service on Defendant Alexander Bykhovsky ("Bykhovsky"). Plaintiff has conferred with Bykhovsky, who opposes the relief requested. In support thereof, Plaintiff states as follows:

      Pursuant to L.R. 7-19, and this Court's Procedures, Plaintiff has informed the opposing party that opposing papers are to be filed no later than 48 hours following service or by 3:00 p.m. on the first court day after service, whichever is later and to advise the Courtroom Deputy as soon as possible whether it intends to oppose the ex parte application. Plaintiff is unaware of counsel for any Defendant. Plaintiff has been in contact with Defendant Alexander Bykhovsky via e-mail at alexgoldlv@gmail.com.

-1-

Plaintiff commenced this action on April 8, 2023, initially naming two Defendants which have since been dismissed. Dkts. 1, 19. Plaintiff filed his First Amended Complaint on August 16, 2023. Dkt. 12. In that Amended Complaint, Plaintiff added Unplugged Media LLC and Alexander Bykhovsky as Defendants. This is an action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and its implementing regulations, alleging Defendants violated the TCPA by placing at least fifty-five (55) telephone calls to the Plaintiff. Plaintiff notes that since the filing of the Amended Complaint, he has identified additional calls alleged to have come from the Defendants, and expects to move this Court to file a Second Amended Complaint in the near future.

Plaintiff has attempted to serve Bykhovsky via traditional means. Plaintiff has attempted to serve one of the addresses available to him for the Defendant, and was unsuccessful. Plaintiff has also sent Bykhovsky a waiver of service request. On October 21, 2023, in the process of conferring prior to the filing of this application, Bykhovsky informed Plaintiff that he is now in Panama. **Exhibit 1 (Dec'l of J. Rojas ("Rojas Dec'l")) ¶ 3.** Notwithstanding this, Bykhovsky continues to transact business in the United States. Bykhovsky has been sued in this District because at least some of the conduct alleged in the Amended Complaint took place within this District. Notwithstanding stating he is in Panama, Bykhovsky continues to own businesses in the United States, and in fact owns real property in Nevada. Bykhovsky is aware of this lawsuit – Plaintiff had an approximately one-hour telephone conversation with him on October 17, 2023. **Rojas Dec'l ¶ 4.** Bykhovsky's attempts to evade service and liability in this action necessitate an alternative means of service.

Unplugged Media LLC ("Unplugged Media") is an entity incorporated in Puerto Rico. Defendant Bykhovsky, who is listed as an "Authorized Person" of Unplugged Media, lists with the Puerto Rico Department of State a Street Address of 954 Ave Ponce de Leon, Suite 205 - PMB 10560, SAN JUAN, PR, 00907 and the same as its "Mailing Address" for the individual Authorized Person. **Exhibit 2 (Unplugged Media LLC Department of State Listing).** This is the same address as the "Resident Agent" of the corporate entity.

Plaintiff is also aware of an additional address which belongs to Bykhovsky. In the Complaint in *Callier v. Alexander Bykhovsky*, 3:22-cv-00312-DB (W.D. Tex. September 6, 2022), the address of 1800 McLeary Avenue Apt 402, San Juan, Puerto Rico 00911 was identified as being Bykhovsky's. *Callier v. Alexander Bykhovsky*, 3:22-cv-00312-DB, Dkt. 1 ¶ 2. In that case, a waiver of service was executed on October 12, 2022, by Bykhovsky, and included the same address, an e-mail address of alexgoldlv@gmail.com, and a telephone number with an area code within this District.

Plaintiff has attempted service at that address. A copy of the proof of non-service has been filed. Dkt. 24. Four attempts on different days between September 14, 2023, and September 26 at different times were made by the server, who reported no one was home.

On October 17, 2023, Plaintiff spoke with Bykhovsky over the telephone for approximately one hour. **Rojas Dec'l ¶ 4.** The substantive nature of the call was this instant case. **Rojas Dec'l ¶ 4.** In sum and substance, Bykhovsky acknowledged he was being sued and that he was aware of the lawsuit. **Rojas Dec'l ¶ 6.** Bykhovsky told Plaintiff he would be calling him back that week to discuss further, but never did. **Rojas Dec'l ¶ 7.** On October 21, 2023, Plaintiff e-mailed Bykhovsky, at alexgoldlv@gmail.com, the same address on the waiver of service in the *Callier* case, following up concerning the conversation they had, and to seek his position on a motion for alternative service. **Rojas Dec'l ¶ 8.** On October 21, 2023, Bykhovsky replied from the email of alexgoldlv@gmail.com stating "I do not accept alternative service. I do not agree to a waiver. My wife and I are divorcing. I moved from Puerto Rico to Panama July 20th 2023." **Rojas Dec'l ¶ 3.**

Defendant Bykhovsky nevertheless continues to own, operate, and control several properties and businesses within the United States, listing various addresses in public records. Plaintiff proposed service methods are reasonably calculated to allow for each of the discovered addresses listed be notified of this action.

**E-Mail.** Bykhovsky has corresponded with Plaintiff using the alexgoldlv@gmail.com e-mail address and the same e-mail has been included in at least

one other case in federal Court against him on a waiver of service. **Exhibit 3 (Executed Waiver).**

**Address 1 - 954 Ponce de Leon Ste 205 PMB 10560 San Juan, PR 00907.** Bykhovsky lists this as his personal address with the Puerto Rico Department of State next to his name for Unplugged Media. **Exhibit 2.**

**Address 2 - 1800 McLeary Avenue Apt 402, San Juan, Puerto Rico 00911.** Bykhovsky lists this address on the waiver of service filed in the *Callier* case. **Exhibit 3.** Bykhovsky also lists this address as the "Main Office Street Address," "Main Office Mailing Address," "Resident Agent Mailing Address," and his personal "Administrator" address for another company he is a President of ATZ HOLDING LÍMITED LLC. **Exhibit 4 (ATZ Holding Limited Department of State Listing).**

**Address 3 - 3555 Pecos Mcleod Int Las Vegas, NV 89121.** A search of the Clark County Property Assessor's website reveals that Alex Gold Holdings LLC, owns this property, which is a commercial office building, purchased this property on or about November 29, 2017, and is still listed as the current owner. **Exhibit 5 (Pecos Mcleod Property Records).** Alex Gold Holdings LLC is an entity registered with the Nevada Secretary of State which is in "Revoked" status, which lists Bykhovsky as the sole managing member. **Exhibit 6 (Alex Gold Holdings LLC Nevada Listing).** Additionally, Bykhovsky has brought eviction actions under the name "Alexander Bykhovsky, DBA Alex Gold Holdings LLC" in the past. **Exhibit 7 (Eviction Actions Listing).**

**Address 4 - 3371 Rome St APT 1, Las Vegas, NV 89169.** A search of the Clark County Property Assessor's website reveals that Alex Gold Holdings LLC, owns this property, which is an apartment. Alex Gold Holdings LLC obtained ownership from Bykhovsky less than a year from when Bykhovsky purchased it. In an April 2023 Zillow listing for rent, the description begins with "Welcome to Alex Gold Holding!" **Exhibit 8 (3371 Rome St Property Records).**

Additionally, Alex Gold Holdings LLC owns property located at 3381 ROME ST, and lists the 3371 Rome St address as the mailing address at which it receives tax

documents. The apartments.com listing for this property similarly begins with "Welcome to the Alex Gold Holdings-." Like the 3371 property, Bykhovsky transferred it to his now revoked company, Alex Gold Holdings LLC within a year of purchasing it. The signature on the quit claim deed, available publicly, is a similar signature to that of the executed waiver in the *Callier* case. **Exhibit 9 (3381 Rome St Property Records).**

. . .

It is unlikely that Bykhovsky would list with government authorities addresses at which he can receive for example tax documents at which he wouldn't be able to reliably receive mail. Bykhovsky continues to own the above properties – through the LLC he is the sole member of, which has been revoked. Notwithstanding his claim that he has left for Panama in July, he still maintains the same addresses with those authorities.

Plaintiff has sued Bykhovsky because he alleges Bykhovsky is one of the individuals which participated, directed, and oversaw the alleged telemarketing scheme in this case. Based on the record of attempts to serve him via traditional means, and the admission that he is located in Panama, but nevertheless continues to operate in the United States, Plaintiff seeks alternative service. This isn't a situation where the Defendant is unaware that they have been sued. Bykhovsky has spoken with Plaintiff for at least an hour on the telephone recently concerning the case. Bykhovsky has also e-mailed Plaintiff.

Given this set of facts, Plaintiff believes that Bykhovsky is attempting to evade service of process, making personal service impractical and necessitating an alternate method of service. Plaintiff does not believe that any additional attempts to serve the addresses available to Plaintiff would lead to service via regular means.

Federal Rule of Civil Procedure 4(e) permits service on an individual in a judicial district of the United States to be made by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. Pro. 4(e)(1).

Under California law, the plaintiff bears the burden of showing that she demonstrated reasonable diligence at direct service before alternative service is permitted.

*See* California Code of Civil Procedure section 415.20(b); *Evartt v. Superior Court*, 89 Cal.App.3d 795, 801 (Cal.Ct.App.1979). Plaintiff has met that burden. Plaintiff has attempted service on the address which Bykhovsky has accepted service via waiver in the past and has been unsuccessful. Moreover, Bykhovsky has informed Plaintiff that he is located in Panama[1]. Plaintiff has identified a variety of addresses for Bykhovsky which he should have updated if they were not acceptable means at which to accept legal documents. Given that Defendant continues to list mailing and physical addresses throughout the United States, Plaintiff believes that these service methods will comply with the necessary steps of alternative service. Defendant is aware of this action – and it is not a circumstance where they are unaware and may be surprised to learn of the action after or during service.

California law does not explicitly provide for the requested service by mail, posting, and e-mail, but it does provide a provision for alternative service as ordered by a Court:

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.

Cal. Civ. Proc. Code § 413.30.

Although Bykhovsky has stated he is in Panama, Fed. R. Civ. P. 4(f) allows for Court orders authorizing particular methods of service in situations where Defendant is located outside of a judicial district of the United States.

Plaintiff believes that the service methods proposed in this motion are superior to publication. Plaintiff proposes:

1. That a process server or other non-party to the case:

---

[1] Plaintiff believes that the existence of the other addresses located in the United States in government records indicates that at minimum Bykhovsky travels to those other addresses and locations and comes within the boundaries of a judicial district.

      a. post the operative complaint, summons, and alternative service order to address 3 and/or address 4,

      b. mail via first-class mail with a certificate of mailing, or via certified mail, a copy of the operative complaint, summons, and alternative service order to address 1, address 2, address 3, and address 4,

      c. and e-mail a copy of the operative complaint, summons, and alternative service order to alexgoldlv@gmail.com.

2. That service in the above manner be effective three calendar days following the mailing of the documents identified above.

3. That this method of service be authorized for service of the operative Complaint, and any future operative Complaint.

4. That for service of future documents filed in this case, other than a complaint, service may be made on the above addresses via mailing, by the Plaintiff, via first class mail or commercial delivery service, and via e-mail.

Plaintiff does not believe this request prejudices any party. Bykhovsky will still have the option to appear and respond to the operative complaint in this case if he so chooses. Plaintiff has attempted to contact Bykhovsky and resolve this matter and has been unable to. Denying this request would prejudice Plaintiff because it would deprive him of the ability to pursue his case.

A proposed order is also included.

Respectfully submitted,

Dated: October 22, 2023

                               /s/ *Jorge Alejandro Rojas*
                               JORGE ALEJANDRO ROJAS
                               Rojas.jorge96@gmail.com
                               Plaintiff in Pro Se
                               557 Cambridge Way
                               Bolingbrook, IL 60440
                               (424) 219-1582

**CERTIFICATE OF SERVICE**

A copy of this filing is being sent to the last known address for Defendants on the day of filing of this document via mail. Specifically, I mailed a copy via mail to Alexander Bykhovsky at 3555 PECOS MCLEOD INTERCONNECT, LAS VEGAS, NV, 89121, and via mail to Alexander Bykhovsky at 1800 Calle McLeary Apt 402, San Juan, PR 00911, and to PRelocate LLC, as registered agent of Unplugged Media, at 954 Ave Ponce de Leon, Suite 205 PMB 10560, SAN JUAN, PR, 00907. A copy has also been sent via e-mail to an address of Defendant (alexgoldlv@gmail.com), which has previously been used to contact the same.

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS