UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-02667-SPG-KS | Date | January 23, 2024 |
|---|---|---|---|
| Title | Jorge Alejandro Rojas v. Unplugged Media, LLC, et al. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| Patricia Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER ON PLAINTIFF'S *EX PARTE* APPLICATION FOR ALTERNATIVE SERVICE [ECF No. 25]

<u>Ruling</u>

Before the Court is Plaintiff Rojas's Motion for Alternative Service on Alexander Bykhovsky. (ECF No. 25 ("Mot.")). The Court has read and considered the matters raised with respect to the motion and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the accompanying declarations, the relevant law, and the record in this case, the Court GRANTS, in part, the Motion.

I.  **Background**

This case arises under the Telephone Consumer Protection Act (the "TCPA") based on repeated robocalls calls made to Plaintiff. (ECF No. 12 ("FAC") ¶ 1). The FAC alleges that Defendants violated the TCPA by placing at least fifty-five telephone calls to Plaintiff. (*Id.* ¶¶ 55–142). The FAC names as Defendants, among others, Unplugged Media, LLC ("Unplugged Media"), and Alexander Bykhovsky. (FAC).

According to Plaintiff, he has not been able to effect service on Bykhovsky. *See* (Mot. at 2). Plaintiff attempted to serve Bykhovsky by using a service processor to serve Bykhovsky at a San Juan, Puerto Rico, address associated with Bykhovsky. (Mot. at 3). Plaintiff's service processor attempted service four times at the same address on different days between September 14, and 26, 2023. (*Id.*). However, the service processor reported that no one was home at that address.

On October 17, 2023, Plaintiff received a phone call from a male individual, who identified himself as Bykhovsky and whose number is associated with a company apparently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02667-SPG-KS | Date | January 23, 2024 |
| Title | Jorge Alejandro Rojas v. Unplugged Media, LLC, et al. | | |

connected with an "address owned by [Bykhovsky]." (ECF No. 25-1 ("Rojas Decl." ¶¶ 4–5). According to Plaintiff, he and Bykhovsky spoke on the telephone for about one hour during which time they discussed this case and Bykhovsky acknowledged he was aware of the case. (*Id.* ¶¶ 4–6). On October 21, 2023, to follow up on their telephone conversation and to seek Bykhovsky's position on Plaintiff's request for alternative service, Plaintiff emailed Bykhovsky at an email address Plaintiff obtained from a waiver of service in a separate lawsuit. *See* (Mot. at 3; Rojas Decl. ¶ 8). Bykhovsky responded to Plaintiff by email on the same day. (Mot. at 3). In his response email, Bykhovsky refused to waive service, writing that he "do[es] not accept alternative service," and representing that he moved from Puerto Rico to Panama on July 20, 2023. (*Id.*; Rojas Decl. ¶ 3).

On October 22, 2023, Plaintiff filed the instant motion for alternative service.[1] No other party has filed any opposition or notice of position to Plaintiff's request.

### II.     Legal Standard

Rule 4(f) of the Federal Rules of Civil procedure authorizes service of process for individuals located in a foreign country. It states that service in a foreign country may be accomplished in the following ways:

> (1) By any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;[2]
>
> (2) If there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) As prescribed by the foreign country's law for service in that country in

---

[1] Plaintiff originally filed the motion as an *ex parte* application for alternative service. Because Plaintiff did not discuss the basis for emergency relief, the Court converted the application to a motion for alternative service and set it for hearing according to regular motion procedures. (ECF No. 26).

[2] Panama, where Defendant Bykhovsky is purportedly residing, is not a signatory to the Hague Convention referenced in Rule 4(f)(1). *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 n.4 (9th Cir 2002) ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1).").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02667-SPG-KS | Date | January 23, 2024 |
| Title | Jorge Alejandro Rojas v. Unplugged Media, LLC, et al. | | |

an action in its courts of general jurisdiction;

(B) As the foreign authority directs in response to a letter rogatory or letter of request; or

(C) Unless prohibited by the foreign country's law, by:

(i) Delivering a copy of the summons and of the complaint to the individual personally; or

(ii) Using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; *or*

(3) By other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f) (emphasis added).

Court-ordered service under Rule 4(f)(3) need not be a "last resort," and can be ordered prior to a party attempting service by other means. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

For service that is to be made on an individual within a judicial district, Rule 4(e) directs that service may be made on an individual in a judicial district by following the law of the state in which service is made or the state in which the district court resides; or by personally delivering a copy of the summons and complaint, leaving a copy of the summons and complaint at the individual's dwelling, or delivering a copy of each to an authorized agent. *See generally* Fed. R. Civ. P. 4(e). California law permits five basic methods of service: "(1) personal delivery; (2) delivery to someone else at the party's usual residence or place of business with mailing (known as "substitute service"); (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication." *Prime All. Bank, Inc. v. Dre Health Corp.*, No. 2:22-cv-06654-JAK (Ex), 2023 WL 5207496, at *1 (C.D. Cal. Apr. 21, 2023); *see also* Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.40, 415.50.

### III. Discussion

Plaintiff seeks this Court's permission to effect service upon Bykhovsky in three ways: (1) by mailing summons to four different addresses purportedly associated with Bykhovsky, two within San Juan, Puerto Rico, and two within Las Vegas, Nevada; (2) by e-mail; and (3) by "post[ing]" the summons to the two Nevada addresses. *See* (Mot. at 6–7).

1. <u>Service by Mail</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02667-SPG-KS | Date | January 23, 2024 |
| Title | Jorge Alejandro Rojas v. Unplugged Media, LLC, et al. | | |

As an initial matter, to the extent that Plaintiff is seeking to serve Bykhovsky by mail within a jurisdictional district,[3] Plaintiff does not need permission from the Court. Rule 4(e) permits Plaintiff to effect service consistent with either the law of the state in which service is effected, *or* the state in which the district court resides. *See* Fed. R. Civ. P. 4(e)(1); *see also Signature Surgery Ctr. LLC v. Cel Servs. Grp., Inc.*, 2022 WL 2110772, at *1 (D. Nev. June 10, 2022) ("If service is valid under the rules of one qualifying state [in Rule 4(e)(2)], the court need not consider the law of the other qualifying state, nor need the court make any 'choice of law' between qualifying states." (citation omitted)). Therefore, California law can apply to service (in addition to Puerto Rico law or Nevada law). Under California law, service by mail *is* permitted, including on persons located outside of the state. *See* Cal. Civ. Proc. Code § 415.40.[4] Plaintiff may therefore seek to accomplish service of Bykhovsky by mail to the extent he still resides in Puerto Rico.

    2.    <u>Service by Email</u>

Plaintiff's request for service by email is the only requested method of service that foreseeably will result in service in a foreign country, given Bykhovsky's representation that he has moved to Panama. The Court thus considers the request under Rule 4(f).

Rule 4(f)(3) authorizes services of process on an individual in a place not within any judicial district of the United States: . . by means not prohibited by international agreement, as the court orders." By its plain language, service under Rule 4(f) must be (1) directed by the court; and (2) not prohibited by international agreement." *Rio Properties*, 284 F.3d 1007, 1014 (9th Cir. 2002). Rule 4(f) does not establish a "hierarchy of preferred methods of service of process," and service pursuant to Rule 4(f)(3) may be sought before a plaintiff has exhausted all other means of service. *Id.* at 1014–15. A plaintiff need only demonstrate "that the facts and circumstances of the present case necessitate[] the district court's intervention." *Id* at 1016. However, the alternative means granted by the district court must: (1) not be prohibited by

---

[3] San Juan, Puerto Rico, is located within a judicial district, and thus Rule 4(e) applies, to the extent Bykhovsky still resides in Puerto Rico. *See generally Calderon Serra v. Banco Santander Puerto Rico*, 747 F.3d 1, 8 (1st Cir. 2014).

[4] Specifically, that section of the California Civil Code provides: "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing." Cal. Civ. Proc. Code § 415.40; *see also id.* § 417.20 ("if service is made by mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence . . .").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02667-SPG-KS | Date | January 23, 2024 |
| Title | Jorge Alejandro Rojas v. Unplugged Media, LLC, et al. | | |

international agreement; and (2) "comport with constitutional notions of due process". *Id.* As such, the Court considers each in turn.

      a.    *International Agreement*

For service of process to be authorized under Rule 4(f)(3), the requested method of service must not be prohibited by international agreement. Here, Panama is a signatory to the Inter-American Convention on Letters Rogatory ("IAC"), but not to the Hague Convention. *See Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-CV-14628, 2013 WL 592660, at *2 (E.D. Mich. Feb. 14, 2013) (permitting email service to defendants located in Panama). The IAC is "a treaty which provides a method of service that is mutually recognized by both Panama and the United States." *See id.*

Article 2 of the IAC states that "[t]his convention shall apply to letters rogatory, issued in conjunction with proceedings in civil and commercial matters held before the appropriate judicial or adjudicatory authority." *See* Inter–American Convention on Letters of Rogatory, Jan. 30, 1975, art.2. The Fifth Circuit has interpreted this text to mean that the IAC does not "supplant all alternative methods of service," and rather regulates the transmittal of documents abroad. *See Liberty Media Holdings, LLC v. Vinigay.com*, No. CV-11-0280-PHX-LOA, 2011 WL 810250, at *4 (D. Ariz. Mar. 3, 2011) (quoting *Krierman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 640 (5th Cir.1994)). Though the Ninth Circuit has not directly addressed the question, most district courts, including in this Circuit, agree that the IAC, "unlike the Hague Convention, does not purport to provide the exclusive means of effecting service of process between the signatories." *Elcometer, Inc.*, 2013 WL 592660, at *2 (citing *C & F Systems, LLC v. Limpimax, S.A.*, No. 1:09–cv–858, 2010 WL 65200, *1 (W. D. Mich. Jan. 6, 2010); *see also SA Luxury Expeditions, LLC v. Latin Am. for Less, LLC*, No. C 14-04085 WHA, 2015 WL 4941792, at *1 (N.D. Cal. Aug. 19, 2015) (finding that, even though the Ninth Circuit had not addressed the question, "every court that has addressed the question has found that the [IAC] and additional protocol do not preclude service by other means." (citing *Krierman*, 22 F.3d at 647).

This Court agrees with the reasoning and holding of the Fifth Circuit's that the IAC does not mandate international service can only be accomplished by letter rogatory, as well as the reasoning of the district courts within this Circuit that have adopted the same position. *See, e.g., Lewis v. Sandor*, 2019 WL 6655387, at *2 (C.D. Cal. Feb. 15, 2019) (the IAC is not the exclusive method for international service); *United States v. Padilla*, No. CIV.S-01-2301 FCD/JF, 2002 WL 471838, at *1 (E.D. Cal. Feb. 25, 2002) (same); *Seaboat Navigation US, Inc. v. Turismos Hielos Antarticos, Ltda*, No. C19-0070JLR, 2019 WL 1324882, at *2 (W.D. Wash. Mar. 25, 2019) ("While service by letters rogatory under [the IAC] would be one such acceptable means, it is 'neither mandatory nor exclusive,' even where, as here, both parties reside in signatory states." (citing cases)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02667-SPG-KS | Date | January 23, 2024 |
| Title | Jorge Alejandro Rojas v. Unplugged Media, LLC, et al. | | |

Accordingly, service by email is not precluded by the IAC. *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (concluding that plaintiff demonstrated that email service in Panama is "not prohibited by international agreement"); *Johnson v. Mitchells*, No. CIV S-10-1968 GEB, 2012 WL 1413986, at *4 (E.D. Cal. Apr. 23, 2012) (permitting email service in Panama under Rule 4(f)(3)). The Court thus next considers whether such service would comport with due process requirements.

  b.  *Due Process*

To meet the due process requirement, the alternative service ordered must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314(1950)). The advisory notes for Rule 4(f) also suggest that, in time-sensitive circumstances, "Rule 4(f)(3) may allow the district court to order a 'special method of service,' even if other methods of service remain incomplete or unattempted." *Rio Properties*, 284 F.3d at 1015.

Here, Plaintiff seeks to serve Bykhovsky via email because he has not been able to effect service through a service processor who attempted service four times at a street address purportedly associated with Bykhovsky. *See* (Mot. at 3). The email sought to be used is an email from which Bykhovsky has replied in discussions with Plaintiff about the instant case. *See* (Mot. at 3; Rojas Decl. ¶ 3). Bykhovsky has also acknowledged he is aware of the present lawsuit. (*Id.* ¶ 6). Furthermore, Defendant Unplugged Media, for whom Bykhovsky is listed as an "Authorized Person," was served with the Complaint on September 29, 2023, and default was entered against it on November 6, 2023. (Mot. at 2; ECF Nos. 28, 29, 30). Finally, the 90-day deadline to serve the FAC expired on November 17, 2023.

The Court finds that, under these circumstances, email service is reasonably calculated to apprise Bykhovsky of the instant action and affords him an opportunity to present his objections. *See Rio Properties*, 284 F.3d at 1016–17. Bykhovsky apparently uses and responds through his email and already purportedly has notice of this lawsuit, explicitly through Plaintiff, and likely also through the service of Defendant Unplugged Media. *See Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir.2009) (so long as there is substantial compliance with Rule 4 and the defendant receives sufficient notice of the complaint, Rule 4 is to be "liberally construed" to uphold service). And, because the service period expired while Plaintiff's motion was pending, time is of the essence to serve Bykhovsky. Thus, Plaintiff has sufficiently demonstrated that court intervention is necessary and that the requested email method will provide Bykhovsky with an adequate opportunity to respond. *See Rio Properties*, 284 F.3d at 1015 ("[W]e are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief[]' [but is] merely one means among several which enables service of process on an international

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02667-SPG-KS | Date | January 23, 2024 |
| Title | Jorge Alejandro Rojas v. Unplugged Media, LLC, et al. | | |

defendant." (citation omitted)).

Accordingly, the Court grants Plaintiff's motion for alternative service, insofar as it requests to serve Bykhovsky by email.[5] Lastly, on the Court's own motion, the Court extends the Rule 4(m) period by 30 additional days to account for the time that the Motion was pending. *See generally DeBose v. City of Los Angeles*, No. CV 19-6025-JFW (JPR), 2020 WL 6688590, at *1 (C.D. Cal. Mar. 4, 2020).

### IV.     Conclusion

For the foregoing reasons, Plaintiff's Motion is GRANTED, insofar as it requests service by email; and otherwise DENIED. Plaintiff shall serve at the respective email identified for Defendant Bykhovsky with the summons, operative complaint, and other documents required to be served under the C.D. Cal. Local Rules, and Plaintiff shall also request read receipts for the email. Plaintiff shall serve Defendant Bykhovsky within thirty (30) calendar days of the issuance of this Order and thereafter shall file the corresponding email confirmation and proof of service with the Court within five (5) calendar days.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    pg

---

[5] Plaintiff requests to serve Bykhovsky by "posting" the operative complaint, summons, and alternative service order to the Nevada Addresses but does not elaborate on what such a posting would entail. (Mot. at 5–6). To the extent Plaintiff is requesting service by publication, his request is both premature and insufficient. *See* Cal. Civ. Proc. Code § 415.50. Plaintiff has not attempted to establish the propriety of service by publication under § 415.50, leaving the Court with an incomplete record to rule on his request. *See id; United Fin. Cas. Co. v. R.U.R. Transportation, Inc.*, No. 22CV333-LL-WVG, 2022 WL 16747283, at *5 (S.D. Cal. Nov. 7, 2022) ("Plaintiff's Motion does not provide any indication that publication of the complaint and summons on the [newspaper website] could be reasonably expected to provide notice to the Defendant."). Furthermore, service by publication is permitted by California law when "it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article . . . ." Cal. Civ. Code § 415.50(a). Here, Plaintiff has not yet attempted to serve Defendant by mail. *See* (Mot. at 6). Thus, as to Plaintiff's request for service by publication within Nevada, Fed. R. Civ. P. 4(e), that request is DENIED, without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02667-SPG-KS | Date | January 23, 2024 |
| Title | Jorge Alejandro Rojas v. Unplugged Media, LLC, et al. | | |