FILED

IN THE UNITED STATES DISTRICT COURT 2024 FEB 14 PM 1:37
FOR THE CENTRAL DISTRICT OF CALIFORNIA
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

| | § | |
|---|---|---|
| JORGE ALEJANDRO ROJAS | § | |
| | § | Civil Action No. 2:23- cv-02667- SPG-KS |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION |
| | § | |
| BOTTOM LINE CONCEPTS, LLC, JOSHUA FOX, | § | |
| UNPLUGGED MEDIA, LLC, and ALEXANDER | § | |
| BYKHOVSKY | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DEFENDANT Alexander Bykhovsky'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendant Alexander Bykhovsky ("Bykhovsky") moves this Honorable Court to grant its Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

### I. INTRODUCTION

Plaintiffs fail to state any viable claims under the Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. § 227, against Defendant Bykhovsky for one simple reason: Plaintiffs allege that Bykhovsky is not a citizen of California and Plaintiffs do not allege any personal participation in the alleged activities that could conceivably allow this court to exercise

jurisdiction over Bykhovsky. This Court does not have personal jurisdiction over Bykhovsky. Bykhovsky is a Puerto Rico resident. Exhibit 1.

## II. THE ALLEGED FACTS

Plaintiffs allege they received TCPA-violating phone calls placed by UNPLUGGED MEDIA. Plaintiffs allege these phone calls were prerecorded in nature and also were received by phone numbers registered to the National Do-Not-Call Registry.

## III. ARGUMENT – PLAINTIFFS' COMPLAINT FAILS TO ALLEGE FACTS DEMONSTRATING THIS COURT HAS JURISDICTION OVER Bykhovsky

A. Legal Standards Applicable to the Court's Exercise of Personal Jurisdiction

Federal Courts may exercise personal jurisdiction over a nonresident defendant so long as state law confers such jurisdiction, and its exercise comports with due process under the Constitution. Due process permits the exercise of personal jurisdiction over a nonresident defendant where the defendant has purposefully established "minimum contacts" with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Under this standard, the minimum contacts of the nonresident defendant may establish either "general" or "specific" jurisdiction. A Court has general personal jurisdiction over a nonresident defendant "when defendant's affiliations with the state are so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

Plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. Here the Plaintiffs' have not even attempted to make ***any case*** that this Court could exercise jurisdiction over Defendant Bykhovsky. Plaintiffs' do not allege a single sentence in their FAC that accuses Bykhovsky of having any personal involvement at all in the alleged activities. The only mentions of Bykhovsky are, "Defendant ALEXANDER BYKHOVSKY has been sued in the past for telemarketing activities, including in Callier v. BYKHOVSKY, W.D. Tex., 3:22-CV-00312-DB (September 6, 2022)"

Plaintiffs do not allege any contact with the State of California by Defendant Bykhovsky. Plaintiffs do not allege any contacts with the State of California that were directed by Defendant Bykhovsky. Due process permits the exercise of jurisdiction over a defendant where the defendant has purposefully established "minimum contacts" with the forum state. There is not a single contact with the forum state that has been alleged by Plaintiffs. There is not a single factual allegation contained in the FAC through which Plaintiffs have plausibly pled that California can somehow exercise personal jurisdiction over Defendant Bykhovsky, a Puerto Rican resident.

## IV.  CONCLUSION

For the reasons set forth above, Bykhovsky respectfully requests that the Court grant his motion to dismiss.