FILED

1  Alexander Bykhovsky
2  Defendant Pro Se
   40 Calle Elbrus
3  Panama City, Panama 0801

2024 MAR -6  PM 3: 16

CLERK U.S. DST   CT COURT
CENTRAL DIST.  F CALIF.
LOS ANGELES

BY: _____

4

5

6              UNITED STATES DISTRICT COURT

7              CENTRAL DISTRICT OF CALIFORNIA

8

9  JORGE ALEJANDRO ROJAS,                Civil Case No.:  2:23-cv-02667-SPG-KS

10                    Plaintiff,          District Judge Sherilyn Peace Garnett
                                          Magistrate Judge Karen L. Stevenson
11  v.

12  BOTTOM LINE CONCEPTS, LLC,
13  JOSHUA FOX, UNPLUGGED MEDIA,
    LLC, and ALEXANDER BYKHOVSKY,
14                    Defendants,
15

16

17  **DEFENDANT ALEXANDER BYKHOVKY'S MOTION TO DISMISS**

18  **PLAINTIFF JORGE ALEJANDRO ROJAS's FIRST AMENDED COMPLAINT**

    **FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE TO**
19
    **STRIKE PLAINTIFF'S SERVICE OF PROCESS OF DEFENDANT**
20
                              **BYKHOVSKY**
21

22
    Defendant Alexander Bykhovsky ("Bykhovsky") movies this Honorable Court to
23

24  grant his Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to

25  Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  In the

26

27

28
                              1

1    alternative, Bykhovsky moves to strike Plaintiff's service of process of Defendant

2    Bykhovsky.

3

4    **I.      INTRODUCTION**

5            Plaintiff fails to state any viable claims under the Telephone Consumer

6    Protection Act, ("TCPA") 47 U.S.C. § 227, against Defendant Bykhovsky for one simple

7
     reason:  Plaintiff alleges that Bykhovsky is not a citizen of California and Plaintiff does
8

9    not allege any personal participation in the alleged activities that could conceivably allow

10   this court to exercise jurisdiction over Bykhovsky.  This Court does not have personal

11
     jurisdiction over Bykhovsky.  Bykhovsky is a Panama resident.
12

13   **II.     THE ALLEGED FACTS**

14           Plaintiff alleges he received TCPA-violating phone calls placed by Unplugged

15
     Media, LLC. (FAC ¶ 62).  Plaintiffs allege these phone calls were prerecorded in nature
16

17   and also were received by phone numbers registered to the National Do-Not-Call

18   Registry.

19

20   **III.    ARGUMENT – PLAINTIFFS' COMPLAINT FAILS TO ALLEGE
             FACTS DEMONSTRATING THIS COURT HAS JURISDICTION OVER**
21   **BYKHOVSKY**

22   A. Legal Standards Applicable to the Court's Exercise of Personal Jurisdiction

23
     Federal Courts may exercise personal jurisdiction over a nonresident defendant so
24

25   long as state law confers such jurisdiction, and its exercise comports with due process

26   under the Constitution.  Due process permits the exercise of personal jurisdiction over a

27

28

1   nonresident defendant where the defendant has purposefully established "minimum

2   contacts" with the forum state such that maintenance of the suit does not offend

3

4   traditional notions of fair play and substantial justice."   *Int'l Shoe Co. v. Washington*,

5   326 U.S. 310, 316 (1945).

6        Under this standard, the minimum contacts of the nonresident defendant may

7

8   establish either "general" or "specific" jurisdiction.  A Court has general personal

9   jurisdiction over a nonresident defendant "when defendant's affiliations with the state are

10  so continuous and systematic as to render [the defendant] essentially at home in the

11

12  forum State."  *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

13        Plaintiff bears the burden of establishing a prima facie case of personal

14  jurisdiction.  Here Plaintiff has not even attempted to make ***any case*** that this Court could

15

16  exercise jurisdiction over Defendant Bykhovsky.  Plaintiff does not allege a single

17  sentence in their FAC that accuses Bykhovsky of having any personal involvement at all

18  in the alleged activities.  The closest Plaintiff comes to alleging personal involvement in

19

20  the calls alleged in Plaintiff's FAC is that "Bykhovsky engaged in the operation of the

21  telemarketing scheme."  FAC ¶ 150.  This threadbare accusation does not come close to

22  meeting the burden of establishing Defendant Bykhovsky personally participated in the

23

24  calls alleged herein.

25        Plaintiff does not allege any contact with the State of California by Defendant

26  Bykhovsky.  Plaintiff does not allege any contacts with the State of California that were

27

28

                                          3

directed by Defendant Bykhovsky.  Due process permits the exercise of jurisdiction over a defendant where the defendant has purposefully established "minimum contacts" with the forum state.  There is not a single contact with the forum state that has been alleged to have been made by Defendant Bykhovsky in Plaintiff's FAC.  There is not a single factual allegation contained in the FAC through which Plaintiff has plausibly pled that California can somehow exercise personal jurisdiction over Defendant Bykhovsky, a Panama resident.

## IV.   BYKHOVSKY IS A PANAMA RESIDENT AND THE INTER-AMERICAN SERVICE CONVENTION AND ADDITIONAL PROTOCOL MANDATES HOW SERVICE OF PROCESS IS TO OCCUR BETWEEN SIGNATORIES TO THE MULTILATERAL TREATY

Panama is a signatory to the Inter-American Service Convention and Additional Protocol.  This is a multilateral treaty between the member nations that includes the United States and Panama.  As such, the service of process is governed by an ongoing Treaty.  This multilateral treaty outlines the ONLY (emphasis added) ways in which a Panama resident can be served process by a party to the treaty.  Plaintiff is required to file form USM-272 Request for Service Abroad of Judicial Extrajudicial Documents Pursuant to the Additional Protocol to the Inter-America Convention on Letters Rogatory.  Plaintiff did not follow the process that is mandated by the treaty.  Instead, Plaintiff sought relief from the Court and asked for permission to serve Defendant via email

4

1          Email service was improper under Panamanian law and the Court did not have

2   authority to override the Inter-American Service Convention and Additional Protocol

3

4   treaty.  There was no basis in law for the Court to grant Plaintiff's request to bypass the

5   treaty that governs service of process between the United States and Panama.

6   Furthermore, even if the Court believed it had the authority to override the treaty between

7

8   the United States and Panama, the Court must do so in a manner that is consistent with

9   Panamanian law.  Panama does not allow the service of process via email.  Therefore, the

10  Court could not grant Plaintiff's request to serve Defendant via email.  Plaintiff

11

12  respectfully asks the Court to strike the Process of Service as it was improper and

13  violated the multilateral treaty that both the United States and Panama are signatories to.

14  V.   CONCLUSION

15

16         For the reasons set forth above, Bykhovsky respectfully requests that the Court

17  grant his motion to dismiss or in the alternative strike the service of process.

18

19

20

21  Submitted By,

22

23  Alexander Bykhovsky
    Defendant Pro Se
24  40 Calle Elbrus
25  Panama City, Panama 0801

26

27

28