Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
424-219-1582

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNPLUGGED MEDIA, LLC, and ALEXANDER BYKHOVSKY,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-02667-SPG-KS<br><br>District Judge Sherilyn Peace Garnett<br>Magistrate Judge Karen L. Stevenson<br><br>**NOTICE OF MOTION;**<br>**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (W/ PARTIAL CONSENT)**<br><br>Hearing: April 17, 2024, 1:30 pm |

## NOTICE OF MOTION

PLEASE TAKE NOTICE, that Plaintiff, Jorge Alejandro Rojas, will bring on for hearing, before the Honorable Sherilyn Peace Garnett, the below Motion for Leave to File Second Amended Complaint (with partial consent), on April 17, 2024 at 1:30 pm, or as soon thereafter as he may be heard, at the U.S. District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Courtroom 5C, Los Angeles, California 90012. Plaintiff intends to request the ability to appear electronically.

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Jorge Alejandro Rojas, moves this Court for leave to file an Amended Complaint, pursuant to Fed. R. Civ. P. 15. Defendant Alexander Bykhovsky consents.

-1-

**L.R. 7-3 Statement.** Defendant Alexander Bykhovsky ("Bykhovsky") consents to amendment[1]. Defendant Unplugged Media LLC ("Unplugged Media") is currently in default and Plaintiff is unaware of it being represented by any counsel. Plaintiff styles this filing as a motion for leave to file because consent by all parties has not been obtained.

Plaintiff commenced this action on April 8, 2023, initially naming Bottom Line Concepts, LLC, and Joshua Fox. Dkt. 1. Plaintiff filed his First Amended Complaint on August 16, 2023. Dkt. 12. In the Amended Complaint, Plaintiff added Unplugged Media, LLC and Alexander Bykhovsky as Defendants. Defendants Bottom Line Concepts, LLC, and Joshua Fox were dismissed from this action on September 14, 2023. Dkt. 19.

This action alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Dkts. 1,12. The current operative complaint identifies at least 55 telephone calls alleged to have been made by the Defendants. Since the filing of the first Amended Complaint on August 16, 2023, Plaintiff has identified that additional telephone calls and texts have been made – bringing the total number to at least 62. Plaintiff seeks to amend the Complaint to add these additional calls and texts. The proposed amendment also adds parties, as explained further below. Additionally, given that Plaintiff dismissed some of the Defendants, Plaintiff seeks to clean up the operative complaint to reflect the current set of Defendants.

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has held that requests for leave to amend should be granted with "extreme liberality." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). The court considers the following factors in deciding whether to grant leave to amend: (1) whether the

---

[1] Plaintiff e-mailed Mr. Bykhovsky on February 18, 2024 seeking to schedule conferral concerning a motion to amend and advised him it would "among other things, include additional alleged telephone calls and/or Defendants, and also remove certain paragraphs against already dismissed parties." Plaintiff followed up on March 9, 2024. On March 9, 2024, Bykhovsky stated "I don't oppose your amended complaint."

amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith; (3) whether the amendment will unduly prejudice the opposing party; and (4) whether the amendment is futile. *See Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 986 (9th Cir. 1999); *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 880 (9th Cir. 1999); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The amendments are not being made with undue delay. Plaintiff commenced this action in April 2023. Dkt. 1. Two of the parties were then dismissed on September 14, 2023 following a resolution. Dkt. 19. Plaintiff sought alternative service on Bykhovsky via e-mail on October 22, 2023. Dkt. 25. Unplugged Media defaulted on November 6, 2023. Dkt. 30. On January 23, 2024 the Court authorized Plaintiff to serve Bykhovsky via e-mail. Dkt. 36. Bykhovsky, was served with the Amended Complaint via e-mail on January 24, 2024. Dkt. 37.

On February 14, 2024 Bykhovsky filed a motion to dismiss (Dkt. 40, entered February 23, 2024) which was stricken and he then filed a subsequent one on March 6, 2024 – again without necessary conferral (Dkt. 46). Bykhovsky did have default pursuant to Fed. R. Civ. P. 55(a) entered against him, prior to the second motion to dismiss being filed on March 6, 2024 (Dkt. 45). Bykhovsky has also served Plaintiff with a Motion to Set Aside Entry of Default – which he also filed without necessary conferral[2].

Although this action was commenced almost a year ago, it is still in the pleadings stage. Given the procedural context of a motion to dismiss having been filed, Plaintiff seeks to amend since this is the first time the operative complaint is challenged. Plaintiff's prior amendment was made primarily because of the existence of additional telephone calls

---

[2] Plaintiff will respond to the Motion to Set Aside Entry of Default after it is docketed. Although Plaintiff believes the Motion to Set Aside Entry of Default is deficient because it lacks a signature pursuant to Fed. R. Civ. P. 11(a), fails to comply with the Local Rules including the requirement to confer, and does not discuss the factors necessary to support vacating the entry of default – Plaintiff does not oppose setting aside the default as it relates to Bykhovsky.

made after the original complaint was filed. Although Plaintiff believes that Bykhovsky's motions to dismiss for lack of personal jurisdiction are procedurally deficient and meritless because Plaintiff received at least one telephone call while located within this District, to his "in district" 424 area code telephone number – the proposed amended filing will further justify jurisdiction. The current operative amended complaint does state that at least one call was made while Plaintiff was located within this District (Dkt. 12 ¶ 58). – contradicting Bykhovsky's statements that there isn't any connection to venue.

The amendment is not being made in bad faith. Plaintiff amends the complaint to reflect additional telephone calls he has received – some after the latest Complaint was filed. Plaintiff also amends to remove some references to Defendants that have already been dismissed following resolution. Plaintiff also adds paragraphs concerning his investigation into his claims.

Plaintiff also seeks the addition of several Defendants. Plaintiff adds Chris Biz Services, LLC ("CBS"), a Texas entity and a separate entity in Wyoming by the same name, and its officer Christopher Gutierrez Cuenza, aka Chris Cuenza ("Cuenza"). Cuenza resides in Los Angeles, CA, within this District. Cuenza and CBS participated in the illegal telemarketing scheme alleged herein. During a telephone call between Bykhovsky and Plaintiff, Bykhovsky stated in part that Bykhovsky worked with Cuenza on the telemarketing conduct and the operation of the calls.

Cuenza has actually been the individual mailing the documents that Bykhovsky has filed in Court to Plaintiff – using a Los Angeles address. Cuenza and Bykhovsky worked together – and continue to do so to this day. The Court has personal jurisdiction over Cuenza because he is located within this District and transacts business in California. The Court has personal jurisdiction over CBS because CBS participated in the illegal telephone calls which were made to an in district telephone number and at least one of the telephone calls was made while Plaintiff was located within this District. Lawsuits filed by others challenging similar telephone calls have asserted claims against CBS. At least one of the websites operated by CBS and Unplugged Media included a statement in their Privacy

Policy that they are California entities and any disputes are to be resolved following California law.

Plaintiff also seeks the addition of Alex Gold Holdings, LLC ("AGH"), a Nevada revoked entity, of which Bykhovsky is a Managing Member of. Plaintiff alleges that AGH is an alter ego of Unplugged Media. Other lawsuits against Bykhovsky have described that Bykhovsky has "comingled funds to such an extent that it has become virtually impossible to distinguish between each of the Individual Defendants and the Corporate Defendants," (¶ 131) that "Bykhovsky pays other persons and entities to use their merchant accounts to process payments. Bykhovsky gives a kick back commission to the person and/or entities to allow him the use of their merchant accounts to process payments" ¶ 115. Plaintiff alleges that AGH is part of an interrelated network of companies owned by Bykhovsky who participate in the telemarketing conduct alleged herein. Bykhovsky routinely opens and shuts companies – for example Debt Giant, Inc (opened 12/2017, dissolved 10/2020), The Gold Leads, Inc (opened 10/2017, dissolved 10/2020), Documents Done Right, Inc (opened 03/2017, revoked), Document Support Live, Inc (opened 03/2017, dissolved 10/2020), Docu Zoom Inc (opened 10/2016, dissolved 10/2020).

The amendment will not prejudice any opposing party. Bykhovsky's pending motion to dismiss would be mooted to the extent the Court accepts the filing of an amended complaint[3]. "An amended complaint properly filed while a motion to dismiss is pending generally moots the motion to dismiss. *See, e.g., Williamson v. Sacramento Mortg., Inc.*, No. S-10-2600KJM-DAD, 2011 WL 4591098, at *1, (E.D. Cal., October 11, 2011) (internal citations omitted)." Barton v. Serve All Help All Inc., No. C21-5338BHS, at *1 (W.D. Wash. Aug. 24, 2021). Bykhovsky would have the ability to respond to the amended filing as he deems appropriate. Plaintiff would need to re-serve Unplugged Media pursuant

---

[3] Plaintiff intends to, after conferral, seek the Court stay the deadline for Plaintiff to respond to the pending motion to dismiss until after the resolution of this instant motion.

to Fed. R. Civ. P. 5(a)(2) and will do so expeditiously. The newly added parties will have the opportunity to respond to the filing as they deem necessary following service.

Courts generally defer consideration of challenges to the merits of a proposed amended pleading until after it is filed. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 538-39 (N.D. Cal. 2003) (citing *Miller v. Rykoff–Sexton, Inc.,* 845 F.2d at 214).

Plaintiff represents that the requested amendment is not futile as, like the Complaint and Amended Complaint, will state a claim against Defendants alleging violations of the TCPA. Defendants placed many telephone calls to the Plaintiff as part of their telemarketing scheme. Plaintiff alleges that the Defendants made telemarketing calls for the benefit of themselves and the now dismissed Defendants. Amending the complaint to reflect the latest set of telephone calls received, clarify claims since the dismissal of certain parties and follow on investigation, is appropriate at this juncture. Defendant Bykhovsky also consents to the filing – and this is made via motion for leave to file because it adds claims against an unrepresented and defaulted party, Unplugged Media.

Plaintiff, pursuant to L.R. 15-1, has included the proposed amended pleading as an attachment to this motion. In a separate filing, Plaintiff will include a red lined version of the amendment pursuant to this Court's Standing Order. A proposed order is also attached. The proposed order includes language which terminates Bykhovsky's pending motion to dismiss as moot without prejudice.

Respectfully submitted,

Dated: March 10, 2024

/s/ *Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

## **CERTIFICATE OF CONFERRAL**

On March 9, 2024, Defendant Bykhovsky e-mailed Plaintiff stating "I don't oppose your amended complaint" following Plaintiff e-mailing him stating that he wanted to

1 confer with Bykhovsky concerning an anticipated motion to amend the complaint. Plaintiff
2 has been unable to confer with Unplugged Media because it is a corporate entity that has
3 defaulted and Plaintiff is unaware of counsel for it.

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS

## CERTIFICATE OF SERVICE

A copy of this filing is being sent to the last known address for Defendants on the day of filing of this document via mail.

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS

## L.R. 11-6.1 CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Jorge Alejandro Rojas, certifies that this brief contains 2,063 words, based upon Microsoft Word's calculation, which complies with the word limit of L.R. 11-6.1.

Dated: March 10, 2024.

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS