Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>                Plaintiff,<br><br>v.<br><br>UNPLUGGED MEDIA, LLC, and ALEXANDER BYKHOVSKY,<br><br>                Defendants. | Case No. 2:23-cv-02667-SPG-KS<br><br>District Judge Sherilyn Peace Garnett<br>Magistrate Judge Karen L. Stevenson<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ALEXANDER BYKHOVSKY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR IN THE ALTERNATIVE TO STRIKE SERVICE**<br><br>Oral Argument: April 17, 2024, 1:30 pm[1] |

Plaintiff, Jorge Alejandro Rojas, responds in opposition to Defendant Alexander Bykhovsky's ("Bykhovsky") March 6, 2024 "Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction or in the Alternative to Strike Plaintiff's Service of Process of Defendant." Dkt. 46. For the reasons set forth in this response, the Court should deny the motion or in the alternative grant leave to amend and/or jurisdictional discovery.

---

[1] Plaintiff intends to seek leave to appear virtually via Zoom, via a forthcoming separate written request. Plaintiff has also separately moved for leave to file a Second Amended Complaint. Dkt. 48.

## I. Introduction

This is an action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and its implementing regulations, alleging Defendants violated the TCPA by placing at least fifty-five (55) telephone calls to the Plaintiff. Plaintiff commenced this action on April 8, 2023, naming two Defendants which have since been dismissed. Dkts. 1, 19. Plaintiff filed his First Amended Complaint on August 16, 2023. Dkt. 12. In that Amended Complaint, Plaintiff added Unplugged Media LLC ("Unplugged Media") and Bykhovsky as Defendants. Unplugged Media, which Bykhovsky is a management official of, failed to appear, and default by the clerk was entered on November 6, 2023. Dkt. 30. Unplugged Media still has yet to appear and defend.

This Court granted service via e-mail as to Bykhovsky. Dkt. 36. Thereafter, Bykhovsky was served. Bykhovsky filed what he characterized as a Motion to Dismiss for Lack of Personal Jurisdiction on February 14, 2024 (Dkt. 40) which was docketed on the 26th. As explained in Plaintiff's first request to enter default, Defendant did not properly serve this motion on Plaintiff – nor did he confer with Plaintiff prior to its filing. Dkt. 38.

The Court struck the motion on February 26, 2024. Dkt. 43. On March 5, 2024, Plaintiff sought the entry of default again, Dkt. 45, prior to Bykhovsky filing another renewed motion to dismiss – this time for lack of personal jurisdiction as well as a motion to strike service – Dkt. 46. Bykhovsky filed a Motion to set aside the entry of default on March 7 (Dkt. 50) – which Plaintiff has filed a non-opposition to (Dkt. 51). Plaintiff notes that Bykhovsky has failed to confer with Plaintiff throughout this litigation, and continues to fail to follow the most basic procedures such as serving parties.

Bykhovsky now moves this Court to dismiss the First Amended Complaint ("FAC") or in the alternative strike service of process. Dkt. 46. The four corners of the FAC allege personal jurisdiction over Bykhovsky, and the Court discussed at length the basis that Bykhovsky now relies upon to challenge service was not applicable. The Court should therefore deny the motions.

Plaintiff has separately filed a Motion to file a Second Amended Complaint, Dkts. 48, 49. Plaintiff asked Bykhovsky if he would consent to a stay of the briefing of his motion to dismiss while the amendment motion is pending, and his response was "I don't consent to anything. I do not consent to the jurisdiction of this Court over me."

## II. Motions to Dismiss for Lack of Personal Jurisdiction

A party may move to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). The party asserting jurisdiction bears the burden of establishing it. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). "In assessing whether personal jurisdiction exists, the court may consider evidence presented in affidavits or order discovery on jurisdictional issues. *Data Disc, Inc. v. Systems Tech. Assoc., Inc*., 557 F.2d 1280, 1285 (9th Cir. 1977)." *Jackson*, at *5 (N.D. Cal. Sep. 8, 2020). Bykhovsky has not provided any affidavits.

"When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). A prima facie showing is established if the plaintiff produces admissible evidence which, if believed, would be sufficient to establish personal jurisdiction. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clemens Ltd*., 328 F.3d. 1122, 1129 (9th Cir. 2003). "[U]ncontroverted allegations in [plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010). *Jackson*, at *5 (N.D. Cal. Sep. 8, 2020).

To establish personal jurisdiction, a party must show both that the long-arm statute of the forum state confers personal jurisdiction over an out-of-state defendant, and that the exercise of jurisdiction would be consistent with federal due process requirements. *Gray & Co. v. Firstenberg Mach. Co*., 913 F.2d 758, 760 (9th Cir. 1990). Personal jurisdiction may be exercised over a nonresident party who has "minimum contacts" with the forum state, such that the exercise of jurisdiction "does not offend traditional notions of fair play

and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Depending on the nature of the contacts between such a party and the forum state, personal jurisdiction may be general or specific. *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 691 (C.D. Cal. 2022)

"California's long-arm statute, California Civil Procedure Code § 410.10, extends jurisdiction to the limit of federal due process" *Sotomayor v. Bank of Am., N.A.*, 377 F. Supp. 3d 1034, 1036 (C.D. Cal. 2019).

### A. The Court has Specific Jurisdiction over Bykhovsky.

There are two recognized bases for exercising jurisdiction over a nonresident defendant: (1) "general jurisdiction," which arises where the defendant's activities in the forum are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over it in all matters; and (2) "specific jurisdiction," which arises when the defendant's specific contacts with the forum give rise to the claim in question. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16; *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050–51 (9th Cir. 1997). *Sotomayor v. Bank of Am., N.A.,* 377 F. Supp. 3d 1034, 1036-37 (C.D. Cal. 2019).

"There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant: (1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and (3) 'the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (original alterations omitted). The plaintiff has the burden to prove the first two prongs, and for the third, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 802 (9th Cir. 2004).

Purposeful direction analysis most often applies to tort claims, while purposeful availment analysis most often applies to contract claims. *Schwarzenegger*, 374 F.3d at 800-

02. Because "TCPA actions are essentially tort claims," purposeful direction analysis is appropriate here. *See Komaiko v. Baker Techs., Inc*., No. 19-cv-03795-DMR, 2020 U.S. Dist. LEXIS 70162, at *16 (N.D. Cal. Apr. 20, 2020) (internal punctuation omitted).

To determine whether the purposeful direction requirement is met, courts apply the three-pronged "effects test" enunciated in *Calder v. Jones*, 465 U.S. 783, 787-90 (1984). Under the effects test, a plaintiff must show that a defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc*., 874 F.3d at 1069. *Jackson*, at *7 (N.D. Cal. Sep. 8, 2020).

Courts have not . . . simply found the connection between a phone number's area code and an actual geographic area establish per se personal jurisdiction over the sender in the judicial district corresponding to that area code. But that no per se rule exists does not mean that the Court should not find personal jurisdiction here. *Jackson*, at *8 (N.D. Cal. Sep. 8, 2020).

Additional caselaw supports this. *Komaiko v. Baker Techs., Inc.,* No. 19-cv-03795-DMR, 2020 U.S. Dist. LEXIS 70162, at *19 (N.D. Cal. April 20, 2020) ("In TCPA actions, courts have consistently held that the second and third prongs of the Calder test are satisfied when defendants contact numbers with area codes associated with that state."); *Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 U.S. Dist. LEXIS 96847, at *11 (N.D. Cal. July 14, 2014) ("where [defendant] intentionally sent text messages directly to cell phones with California based area codes, which conduct allegedly violated the TCPA and gave rise to this action, [defendant] expressly aimed its conduct at California" and "knew that the alleged harm caused by the text messages it sent to California cell phones was likely to be suffered in California"); *see also Moser v. Health Ins. Innovations, Inc*., No. 3:17-cv-1127-WQH-KSC, 2018 U.S. Dist. LEXIS 3237, at *11 (S.D. Cal. Jan. 5, 2018) ("The effects test is satisfied by a plaintiff's uncontroverted allegation that a defendant violated the TCPA by calling a phone number with a forum state area code")). *Jackson*, at *9 (N.D. Cal. Sep. 8, 2020).

1     In this case, contrary to the argument that Plaintiff has failed to show that a single
2 act was committed within this District, the FAC does in fact state that Plaintiff, who has an
3 in district, 424 area code (FAC p. 1, FAC ¶¶ 6, 8, 34, 42-43), received the first telephone
4 call while in fact located within this District (FAC ¶¶ 42-43, 58) while on travel.
5 Defendant's calling campaign purposefully directed his activities at people throughout the
6 country – there are numerous actions against the company that Defendant was allegedly
7 making the telephone calls on behalf of, Bottom Line Concepts.

8     The claim – that telephone calls were in violation of law – also arises out of or relates
9 to the defendant's forum-related activities. But for the telephone calls, there would be no
10 action under the TCPA against Defendant. The exercise of jurisdiction would also comport
11 with fair play and substantial justice. Defendant has appeared and is defending. Defendant
12 doesn't provide an alternative venue where this would be litigated in a fairer fashion –
13 especially with the contention that he is no longer located in Puerto Rico, the state where
14 the corporate entity is incorporated in. Bykhovsky has an individual, named in the proposed
15 Second Amended Complaint, who Plaintiff believes is in fact doing the work in this action
16 and filing documents in Court and purportedly serving them on the Plaintiff.

17     With respect to the *Calder* test, Defendants committed an intentional act – they knew
18 they were making telephone calls that were unlawful. They did so not just once, but as the
19 FAC alleges, at least ***fifty five*** times. These acts were expressly aimed at the forum state
20 and this District. Plaintiff does not have a prior relationship with Defendants. Plaintiff's in-
21 district area code likely led to the assumption that Plaintiff was located within this District,
22 and Defendants then made calls to it. Defendant should have known that engaging in a
23 nationwide calling scheme would lead to damages being suffered throughout the country.

24     As Plaintiff was located within this District when he got at least one of the telephone
25 calls and said phone number[2] was in District, the Court has jurisdiction over Defendant.

---

[2] To be sure, Plaintiff alleges that calls were also received to another, out of district telephone number. However splitting this action into two, one for the in-district telephone

Bykhovsky's motion is based on incorrect characterization of the FAC. He states "Plaintiffs' [sic] do not allege a single sentence in their [sic] FAC that accuses Bykhovsky of having any personal involvement at all in the alleged activities," and "Plaintiffs [sic] do not allege any contact with the State of California by Defendant Bykhovsky." Both are wrong, and in any event, there is just *one* Plaintiff in this case.

In fact, in the FAC, there are repeated mentions demonstrating that this Court has jurisdiction over Bykhovsky. For one, "Plaintiff was located within this district on travel when he received the first telephone call at issue." FAC ¶ 8. "While Plaintiff was located within this District when he received the first telephone call, the remaining telephone calls were primarily received while he was located in Bolingbrook, Illinois." FAC ¶ 42.

As alleged in the FAC, Plaintiff began receiving telephone calls from the Defendants on or about April 3, 2023. FAC ¶ 55. "Plaintiff was on travel within this District when he received the telephone call." FAC ¶ 58.

Bykhovsky also makes mention that there is no "personal involvement" by him in this action. Plaintiff alleges that Bykhovsky, as an officer of Unplugged Media, participated in the actions that led to the conduct alleged herein. FAC ¶¶ 62, 145, 150-151, 155. Officer liability in TCPA actions is well established. FAC ¶ 148

Plaintiff wishes to bring to the Court's attention that Bykhovsky has a constantly shifting narrative as to where he is located. Bykhovsky's corporate entity in Puerto Rico continues to list a Puerto Rico address for service of process and for himself. Bykhovsky stated he was in Panama at one point, and that is when Plaintiff sought alternative service of process. In the first motion to dismiss, which was stricken, Bykhovsky stated he was a Puerto Rico resident, and also referenced an Exhibit which was not included. Dkt. 40 p. 2. Now, Bykhovsky claims he is back to being a Panama resident. This is all notwithstanding

---

number and another for the out-of-district telephone number would unnecessarily multiply this litigation, and Plaintiff in any event believes that the Court can exercise personal jurisdiction over Defendant given that it called Plaintiff at least once while Plaintiff was located within this District, to his in district number.

that Bykhovsky has recorded documents in Nevada concerning a property he owns through another business, before a notary public in New York. Dkt. 51-2.

Bykhovsky is not new to telemarketing. He is listed as a corporate officer or agent of several in district entities at least at some point in the past. Document Preparation Made Easy, is a California entity, which lists Bykhovsky as the CEO, Secretary, CFO, Director, and Agent for Service of Process, with a location of 3500 W. Olive Ave, Ste 300, Burbank, CA 91505. Although suspended as of December 2019, a statement of information was filed in December 2020. This is further support that Bykhovsky has the requisite minimum contacts with this District to support this Court exercising personal jurisdiction over him.

Plaintiff has sought leave to file a Second Amended Complaint. Plaintiff believes that if the Court is to grant the motion for leave to file, it should deny the instant dismissal motion. However, if the Court is to grant the Motion to Dismiss, that Plaintiff be permitted leave to amend. There are facts in the proposed second amended complaint which further support jurisdiction, including for example related websites associated with the Defendants having terms of service that reference California law being applicable. Dkt. 49-2 ¶¶ 14, 67.

### III. Motion to Strike

#### A. Bykhovsky's Challenge to Service is Untimely

Bykhovsky's challenge to the service issue was filed for the first time on March 6, 2024 – and was not mentioned in his first motion to dismiss which was stricken. Bykhovsky had the opportunity to oppose the motion for alternative service but failed to do so. Plaintiff first filed the motion *ex parte*, which the Court converted to non-*ex parte*. Dkt. 26. Bykhovsky has failed to demonstrate under what standard the Court is to review the service issue. Bykhovsky waited for 43 days *after* the motion was granted to file arguments against service and does not explain what rule he is proceeding on to challenge the service issue. And it's not like Bykhovsky can claim he didn't know about the motion – because he was also sent a copy of it via e-mail by Plaintiff on October 22, 2023 – and the order on alternative service was served on him by the process server too (Dkt. 37). Bykhovsky ultimately filed what he characterized as being a responsive pleading on the day of the

deadline – and failed to include the service issue as a defense. The Court should consider that the defense of service of process is waived given that Bykhovsky failed to include it in his first responsive pleading he submitted, pursuant to Fed. R. Civ. P. 12(h).

### B. Bykhovsky's Challenge to Service was Addressed by the Court

Bykhovsky's sole challenge to service is that since Bykhovsky is a "Panama resident," that any service of process *must* be done via Letters Rogatory. Dkt. 46 at 4-5. Plaintiff notes that Bykhovsky stated he was a Puerto Rican resident in his first motion to dismiss. Dkt 40 p. 2.

In any event, whether Bykhovsky is in Panama or not, the Court properly granted the alternative service motion. Plaintiff believes the Court summarized and discussed the issue concerning service of process via e-mail adequately. Bykhovsky cites no case law at all for his proposition that service must be done via Letters Rogatory, and in fact, the case law contradicts him.

"While service by letters rogatory under [the IAC] would be one such acceptable means, it is 'neither mandatory nor exclusive,' even where, as here, both parties reside in signatory states." *Seaboat Navigation US, Inc. v. Turismos Hielos Antarticos, Ltda,* No. C19-0070JLR, 2019 WL 1324882, at *2 (W.D. Wash. Mar. 25, 2019). Dkt. 36 at 5. The Court cited a bevy of case law in support of service in Panama via e-mail being done before and being authorized.

In any event, the service via e-mail was able to lead to Bykhovsky being apprised of the instant action. Bykhovsky does not deny that he had an approximately one hour conversation with Plaintiff where he was indeed aware of the litigation. Bykhovsky ultimately attempted to file his first responsive pleading on the date it was due. The Court should find service was properly made.

### C. Jurisdictional Discovery

Plaintiff requests limited jurisdictional discovery including related to the information that Bykhovsky relied upon to place the telemarketing calls to Plaintiff –

specifically Plaintiff's location. If Bykhovsky's records indicate a California or no address, jurisdiction is proper here.

A court may permit jurisdictional discovery "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977). Courts in this district have held that "a plaintiff need not establish a prima facie case of personal jurisdiction before it can obtain jurisdictional discovery." *Teras Cargo Transp. (Am.), LLC v. Cal Dive Int'l (Australia) Pty Ltd.*, No. 15-cv-03566-JSC, 2015 WL 6089276, at *8 (N.D. Cal. Oct. 16, 2015) (citing cases). A court may grant jurisdictional discovery if the request is based on more than a "hunch that it might yield jurisdictionally relevant facts," *see Boschetto*, 539 F.3d at 1020, or more than "bare allegations in the face of specific denials." *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (citation omitted); *see also Calix Networks, Inc. v. Wi-Lan, Inc.*, No. 09-cv-06038-CRB (DMR), 2010 WL 3515759, at *4 (N.D. Cal. Sept. 8, 2010) ("[A] plaintiff must present a colorable basis for jurisdiction, or some evidence constituting a lesser showing than a prima facie case." (quotations omitted)). It is not an abuse of discretion to deny jurisdictional discovery "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977). *Pinn v. Consumer Credit Counseling Found.*, 22-cv-04048-DMR, at *13-14 (N.D. Cal. Oct. 20, 2023).

**IV. Conclusion**

Plaintiff alleges Bykhovsky has made a business out of calling individuals such as Plaintiff in violation of the TCPA – and that the conduct was targeted at this District. Bykhovsky was properly served – and caselaw rebuts his sole argument on this issue.

The Court should deny the motions. To the extent the Court grants the motion, Plaintiff should be permitted leave to amend, or limited jurisdictional discovery. As a final request, Plaintiff asks the Court to enter an order re-iterating that filings require conferral prior to filing directed at Bykhovsky.

-10-

Respectfully submitted,

Dated: March 27, 2024.

*/s/ Jorge Alejandro Rojas*
Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

## CERTIFICATE OF SERVICE

A copy of this filing will be mailed to each Defendants last known address and/or registered agent via USPS Mail. As to Defendant Unplugged Media, LLC, it will be sent to its resident agent, PRelocate, LLC, 954 Ave Ponce de Leon, Suite 205, SAN JUAN, PR, 00907. As to Defendant Bykhovsky, it will be sent to 40 Calle Elbrus, Panama City, Panama 0801. These documents will be deposited by Plaintiff into a mailbox for mailing on the same or next business day. A copy will also be sent via e-mail to alexgoldlv@gmail.com[3].

Dated: March 27, 2024.

*/s/ Jorge Alejandro Rojas*

## L.R. 11-6.1 CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Jorge Alejandro Rojas, certifies that this brief contains 3,685 words, based upon Microsoft Word's calculation, which complies with the word limit of L.R. 11-6.1.

Dated: March 27, 2024.

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS

---

[3] Defendant has not consented to receipt of documents via e-mail, but Plaintiff is nevertheless emailing him said document.

-11-