UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02667-AH-(KSx) | Date | April 30, 2025 |
| Title | *Jorge Alejandro Rojas v. Bottom Line Concepts LLC et al.* | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 99)**

Plaintiff Jorge Alejandro Rojas ("Plaintiff") brings this Motion for Default Judgment ("Motion") against Defendants Unplugged Media, LLC ("Unplugged Media"), Alexander Bykhovsky aka Alex Gold ("Bykhovsky"), Chris Biz Services, LLC (as separate Wyoming and Texas companies) (collectively, "CBS"), Christopher Gutierrez Cuenza aka Chris Cuenza ("Cuenza"), and Alex Gold Holdings, LLC ("AGH") (collectively, the "Defendants"). *See generally* Mot. for Default J., Dkt. No. 99. The matter is fully briefed and the Court held a hearing on March 12, 2025. The continued hearing scheduled for May 7, 2025 is hereby vacated. For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

## I.    BACKGROUND

Plaintiff filed this lawsuit on April 8, 2023. *See generally* Compl., Dkt. No. 1. Plaintiff asserts that Defendants violated the Telephone Consumer Protection Act ("TCPA"), specifically 47 U.S.C. Sections 227(b) and (c). *See generally* Second Amended Complaint ("SAC").

Plaintiff has two phone numbers, which he registered on the Federal Do Not Call list on or around January 18, 2008 and March 22, 2023, respectfully. *Id.* ¶¶ 43-

44. Plaintiff received 62 calls between April 3, 2023 and September 27, 2023 that he alleges are in violation of the TCPA. *Id.* ¶¶ 98-199. According to Plaintiff, each Defendant placed these calls directly or at their direction. *Id.* Additionally, Plaintiff believes that the messages left on his voicemail were pre-recorded, as evidenced by a pause before a robotic voice began speaking. *Id.* ¶ 79. Plaintiff seeks from this Court a default judgment against Defendants in the total amount of $184,500.00 in statutory and treble damages for violations of the TCPA. *Id.* at Prayer for Relief.

## II.    LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

However, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F.Supp.2d 916, 919 (C.D. Cal. 2010) (internal quotation marks and citations omitted). The Ninth Circuit has outlined factors for a court to consider when deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471□72 (9th Cir. 1986) (the "*Eitel* factors"). All the *Eitel* factors do not need to weigh in the plaintiff's favor for the court to grant default judgment. *See id.* at 1472.

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citation omitted). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). "If the court determines that the allegations in the complaint are

sufficient to establish liability, it must then determine the amount and character of the relief that should be awarded." *Landstar*, 725 F.Supp.2d at 920 (internal quotation marks and citations omitted).

## III.   DISCUSSION

### A.   Procedural Requirements for Default Judgment

Local Rule 55-1 requires that a movant file a declaration in compliance with Federal Rule of Civil Procedure 55(b)(1) and that it includes the following information:  (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) that notice has been served on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2).  L.R. 55-1.

On September 23, 2024, the Clerk of the Court entered default as to Defendant Bykhovsky. Default, Dkt. No. 77. On October 7, 2024, the Clerk of the Court entered default as to Defendants Cuenza and both Texas and Wyoming CBS companies. Default, Dkt. Nos. 83-85. On November 4, 2024, the Clerk of the Court entered default as to Defendant Unplugged Media, and on November 19, 2024 as to AGH. Default, Dkt. Nos. 88, 95. Plaintiff asserts that Defendants are not minors or incompetent persons and that the Servicemembers Civil Relief Act does not apply.  Rojas Decl., Dkt. No. 99-1, ¶¶ 3-8.

Federal Rule of Civil Procedure 55(b)(2) requires that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2). Defendant Bykhovsky has appeared in this matter. *See* Mot. to Dismiss, Dkt. No. 46. In a declaration filed after the March 12, 2025 hearing, Plaintiff stated that he served Defendant Bykhovsky with notice of this application and the supplemental declaration as required by Federal Rule of Civil Procedure 55(b)(2). Rojas Supp. Decl., Dkt. No. 106-1.

For these reasons, the Court finds that Plaintiff has satisfied Local Rule 55-1 for purposes of obtaining a default judgment against the Defendants.

### B.    *Eitel* Factors

In this case, the *Eitel* factors weigh in favor of granting default judgment.

### 1.    <u>Possibility of Prejudice to Plaintiff</u>

The first *Eitel* factor considers whether the plaintiffs will be prejudiced if default is not entered.  *Eitel*, 782 F.2d at 1471.

Here, if default judgment were not entered, Plaintiffs "will likely be without other course for recovery."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).  Therefore, the first *Eitel* factor weighs in favor of granting default judgment.

### 2.    <u>Substantive Merits and Sufficiency of the Claims</u>

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together."  *Tuan Anh Nguyen v. Hamner Express Wash*, 2019 WL 1877603, at *1 (C.D. Cal. Feb. 8, 2019) (internal quotation marks and citation omitted).  These factors require the plaintiff to "state a claim on which the [plaintiff] may recover[.]" *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

Plaintiff alleges violations of the TCPA. 47 U.S.C. § 227. *See generally* SAC. The elements of a TCPA claim are: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). "The regulations promulgated under section 227(c) prohibit the initiation of any telephone solicitation to a telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry." *Kazemi v. Payless Shoesource Inc.*, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010) (citing 47 C.F.R. § 64.1200(c)). Section 227(c) provides a "private right of action to a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of these regulations." *Id.* (citing 47 U.S.C. § 227(c)(5)).

Here, Plaintiff has plausibly alleged that he received several unsolicited telephone calls from Defendants using an automatic dialing system, and that

Plaintiff's personal telephone numbers were listed in the National Do Not Call Registry. Those allegations are sufficient to establish a TCPA violation.

Additionally, Plaintiff alleges that Defendants Cuenza and Bykhovsky are personally liable for the TCPA violations. Individual officers of an entity violating the TCPA can be personally liable for their direct participation if they "had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Rinky Dink, Inc. v. Elec. Merch. Sys., Inc.,* 2014 WL 12103245, at *6 (W. D. Wash. Nov. 4, 2014) (citations omitted). The Complaint sufficiently alleges the direct participation of Cuenza and Bykhovsky in the TCPA violations. Because these factual allegations are deemed true, Plaintiff has adequately alleged direct, personal participation on the part of Cuenza and Bykhovsky sufficient to establish individual liability.

Thus, the second and third *Eitel* factors weigh in favor granting default judgment.

### 3.     Amount at Stake

The fourth *Eitel* factor analyzes the amount of money at stake.  *Eitel*, 782 F.2d at 1471.  "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct."  *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998, 1012 (C.D. Cal. 2014).

For violations of the TCPA, statutory damages may be awarded "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each violation, whichever is greater . . . ." 47 U.S.C. § 227(b)(3)(B); *see also* 47 U.S.C. § 227(c)(5). Additionally, "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C); *see also* 47 U.S.C. § 227(c)(5).

Here, Plaintiff requests a total of $184,500. Plaintiff alleges that Defendants' violations were willful and/or knowing, and that, therefore, the statutory damages should be trebled to $1,500.00 per call. *See* e.g. SAC ¶¶ 202, 233-34, 265, 273. Plaintiff argues that certain Defendants' use of fake names while making calls demonstrates that they willfully violated the TCPA. Mot. at 25. Additionally, Plaintiff argues that settlements and lawsuits related to TCPA violations in separate

cases with different parties illustrates willfulness. *Id.* at 25. The Court finds unpersuasive the lawsuit against Cuenza and CBS in which no judgment was entered. *Id.*; SAC ¶ 62. The remaining cases Plaintiff cites concern Bottom Line Concepts LLC, which is not a Defendant being considered for this default judgment, and Bykhovsky.[1] Furthermore, any legal conclusions in the Amended Complaint are insufficient to support a finding of willfulness. *See Friedman v. Everquote, Inc.*, 2016 WL 9185402, at *4 (C.D. Cal. Oct. 31, 2016).

In any event, "the court has wide discretion in determining the amount of damages to be awarded within statutory limits." *See Andrews v. All Green Carpet & Floor Cleaning Serv.*, 2015 WL 3649585, at *6 (C.D Cal. June 11, 2015) (internal quotations and citation omitted). The Court determines that damages of $500 per call—amounting to over $60,000—is sufficient to both compensate Plaintiff for the calls he received from Defendants and to discourage Defendants from engaging in such behavior in the future.

Accordingly, the Court awards Plaintiff statutory damages in the amount of $500.00 for each violation, but declines to award treble damages. "A single call can violate both §§ 227(b) and (c) and support damages claims for both." *Doyle v. JTT Funding, Inc.,* 2019 WL 13037025, at *11 (C.D. Cal. Dec. 2, 2019). Plaintiff alleges 62 violations of Section 227(b) and 61 violations of 227(c). Accordingly, Plaintiff is entitled to $61,500 in statutory damages.

The amount is prescribed in the statute, and the Court does not find the amount sought as too large or unreasonable in relation to Defendants' conduct as to weigh against default judgment. The fourth *Eitel* factor also weighs in favor of granting default judgment.

### 4.    <u>Possibility of Dispute Concerning Material Facts</u>

The fifth *Eitel* factor looks at the possibility of whether material facts may be in dispute.  *Eitel*, 782 F.2d at 1471□72.  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Geddes*, 559 F.2d at 560 (citations omitted). "Where a plaintiff's complaint is well-pleaded and the defendant makes no effort

---

[1] Although Plaintiff cites to cases concerning Bykhovsky, the Court finds statutory damages alone sufficient and declines to award treble damages on the basis of willfulness.

to properly respond, the likelihood of disputed facts is very low." *U.S. v. Yermian*, 2016 WL 1399519, at \*3 (C.D. Cal. Mar. 18, 2016).

Plaintiff adequately alleges violations of the TCPA. *See generally* SAC. The Defendants' failure to answer the Complaint indicates that they would be unable to dispute the material facts in this matter.

Accordingly, the fifth *Eitel* factor weighs in favor of granting default judgment.

## 5.      **Excusable Neglect**

The sixth *Eitel* factor considers whether a defendant's default is the result of excusable neglect.  *Eitel*, 782 F.2d at 1472.  "This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *ProOne, Inc. v. Russell*, 2019 WL 4390577, at \*5 (C.D. Cal. Aug. 8, 2019) (citation omitted).

Here, Plaintiff properly served Defendants the Complaint.  As a result, Defendants were on notice and failed to respond.  Defendants have not made any good faith showing of an attempt to participate in the litigation.

As a result, the sixth *Eitel* factor weighs in favor of granting default judgment.

## 6.      **Strong Policy Favoring Decision on the Merits**

The seventh *Eitel* factor states that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citation omitted). However, "Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo.*, 238 F.Supp.2d at 1177.

The Defendants have not responded to Plaintiffs, making a decision on the merits "impractical, if not impossible." *Id.*

Thus, for these reasons, the balance of the *Eitel* factors supports granting the Motion for Default Judgment against the Defendants.

## IV.     DISPOSITION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Default Judgment against Defendants Unplugged Media, CBS, Cuenza, AGH, and Bykhovsky. [2] A judgment shall be entered for $61,500. Additionally, Plaintiff is entitled to interest on the amount of the Judgment at the statutory rate pursuant to 28 U.S.C. § 1961(a) and shall have his costs of suit.

**IT IS SO ORDERED.**

---

[2] "[T]he TCPA permits joint and several liability amongst co-tortfeasors." *Weisbein v. Allergan, Inc.*, WL 1034979, at \*5 (C.D. Cal. Mar. 16, 2021).