Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
424-219-1582

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>        Plaintiff,<br><br>v.<br><br>UNPLUGGED MEDIA, LLC, et al,<br><br>        Defendants. | Case No. 2:23-cv-02667-AH-KS<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ALEXANDER BYKHOVSKY'S "REQUEST TO SET ASIDE DEFAULT JUDGMENT"** |

    Plaintiff, Jorge Alejandro Rojas, responds to Defendant Alexander Bykhovsky's aka Alex Gold ("Bykhovsky") May 29, 2025 "Request to Set Aside Default Judgment" (Dkt. 113). For the reasons set forth below, the Court should deny the motion.

**I.   Introduction**

    Bykhovsky, despite being properly served, and in fact making filings in the case (Dkts. 40, 46, 50), now seeks to vacate the default judgment after his failure to continue participating in the action. Bykhovsky cannot demonstrate that he meets the three-factors set out in *Mele* when considering whether to reopen a default judgment under Fed. R. Civ. P. 60(b) for excusable neglect. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Bykhovsky continues to demonstrate that he does not intend to seriously participate in this action including comply with the Federal

-1-

Rules of Civil Procedure, the Local Rules of this Court, or the Standing Order. The Court should deny Bykhovsky's motion and let the judgment stand.

## II.  Background

This is action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and its regulations, 47 C.F.R. § 64.1200, alleging Bykhovsky was part of a telemarketing scheme in which sixty two (62) calls were made to Plaintiff without consent.

On August 16, 2023, Plaintiff filed an Amended Complaint (Dkt. 12), which added Bykhovsky. On October 22, Plaintiff moved the Court for an order authorizing alternative service on Bykhovsky. Dkt. 25. The Court granted the motion on January 23, 2024. Dkt. 36. Plaintiff served Bykhovsky on January 24. Dkt. 37. On February 21, Plaintiff sought the entry of default. Dkt. 38. At the time, Bykhovsky had apparently filed a motion to dismiss on February 14, which was not served on Plaintiff. Default was entered on March 6 (Dkt. 45), following Plaintiff's renewed request on March 6 (Dkt. 44).

Bykhovsky ultimately filed a motion to dismiss due to lack of personal jurisdiction, or in the alternative to strike the service of process on March 6 (entered March 7 ). Dkt. 46. Bykhovsky filed a motion to set aside the default entered on March 7. Dkt. 50. Bykhovsky did not confer with Plaintiff prior to any of these filings as required.

On March 10, Plaintiff sought to amend the complaint. Dkt. 48. Plaintiff filed a notice of non-opposition to the request to set aside the default on March 17. Dkt. 51. Plaintiff filed an opposition to the motion to dismiss on March 27. Dkt. 52. Bykhovsky never filed a reply or made any other filings in the docket until now.

Ultimately, Plaintiff lodged a revised second amended complaint ("SAC") addressing the Court's July 12 order (Dkt. 56), which the Court filed on the docket on August 6. Dkt. 59. The July 12th order set aside the Bykhovsky default. Dkt. 56. In that order, the Court discussed (but did not reach) Bykhovsky's contentions that service wasn't properly performed. Dkt. 56 fn. 5.

Default having been set aside as to Bykhovsky, Plaintiff was required to serve the SAC just in compliance with Fed. R. Civ. P. 5(b)(2)(C). Plaintiff filed a Certificate of

Service describing this service, which was performed to both the Panama address on file with the Court and a San Juan, Puerto Rico address which was listed with the Puerto Rico Department of State. Dkt. 74. On September 20, Plaintiff sought the entry of default against Bykhovsky. Dkt. 76. The Clerk entered such on September 23. Dkt. 77.

On January 31, 2025, Plaintiff moved this Court for default judgment. Dkt. 99. A hearing was held on March 12. Dkt. 105. Bykhovsky did not appear – despite having notice of the hearing (Dkt. 99 p. 28; Dkt. 106-1 ¶¶ 7-8). The hearing was continued to May 7, with supplemental briefing due by April 16. *Id.* Plaintiff filed a supplemental declaration on April 16. Dkt. 106. On April 30 (entered May 1), the Court granted Plaintiff's motion for default judgment. Dkt. 108. The Court entered a final judgment on May 7. Dkt. 111.

On May 29, Bykhovsky filed a "Request to Set Aside Default Judgment." Dkt. 114.

**III. Bykhovsky's "Request" is Improperly Filed & Likely Wasn't Written by Bykhovsky**

The Court can deny the "request" on the basis that Bykhovsky has failed to comply with the Court's Local Rules, Standing Orders, and the Federal Rules of Civil Procedure.

Bykhovsky has failed to confer with Plaintiff prior to the filing of the request pursuant to L.R. 7-3. Although Bykhovsky has stricken out the term "motion" from the title of his filing and wrote "request" instead he still states that he "respectfully moves" the Court. The Court's Standing Order is clear that the conferral requirement applies to "all issues." Dkt. 97 p. 7. Bykhovsky has also failed to notice the motion for a hearing date in compliance with L.R. 6-1. Bykhovsky's declaration is also deficient in that it is not separate from the main document being filed. Dkt. 97 p. 5.

Bykhovsky includes a proof of service stating that a copy of the filing was e-mailed to Plaintiff. Dkt. 114 p. 4. Although Plaintiff is registered for CM/ECF notifications, Bykhovsky is not a CM/ECF filer, and Plaintiff has not consented to service via e-mail of non-CM/ECF filings. **Exhibit 1**, Declaration of J. Rojas ("Rojas Dec'l") ¶ 3. Such consent must be in writing. Fed. R. Civ. P. 5(b)(2)(F). Even if Plaintiff had provided such

-3-

consent, Plaintiff has no record of receiving a copy of the filing from Bykhovsky via e-mail. Rojas Dec'l ¶ 4.

These procedural violations demonstrate that Bykhovsky is unable to follow the Court's rules and that if the judgment is set aside, Bykhovsky will likely continue to violate the same, and eventually another default judgment would be entered.

Moreover, Plaintiff does not believe that Bykhovsky was the one who wrote and signed the filing made. The filing purports to have a declaration "Executed on May 29, 2025 at Los Angeles, California." Dkt. 113 p. 2. Bykhovsky's address with the Clerk continues to be listed as being in Panama. Moreover, the handwriting at the top of the page and on the first page striking out "Motion" and writing "Request" is similar to if not identical to that included in the Cuenza filing. Dkt. 114.

More obvious, however, is that the signature of the filing, does not match the signature which Bykhovsky has used in other documents before a Notary Public. Dkt. 51-2 p. 3. Plaintiff believes the more likely explanation is that Bykhovsky's filing was actually written and signed by Cuenza. Prior filings purportedly made by Bykhovsky have been mailed to Plaintiff with a return address of Cuenza's address. Dkt. 51-1 ¶ 4.

### IV. Bykhovsky Fails to Meet the Bar for Rule 60(b) Relief

In the Ninth Circuit, the standard for vacating a default judgment under Rule 60(b) is the same "good cause" standard for vacating an entry of default under Rule 55(c). *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). "To determine good cause, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Mesle*, 615 F.3d at 1091 (9th Cir. 2010) (quoting *Franchise Holding II*, 375 F.3d at 925–26) (internal quotation marks omitted). "[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988)).

Because this three-factor test is disjunctive, "a finding that any one of [the three] factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091 (internal citations omitted). When resolving a defendant's request to set aside default the court's "underlying concern ... is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

A. **Bykhovsky's Conduct was Culpable**

A defendant's conduct is culpable if the defendant "has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI*, 244 F.3d at 697 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (internal quotation marks omitted)). Courts may consider a defendant's neglectful failure to answer in determining whether to set aside default. *Id.* at 697–98. However, the "neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' ... and is therefore not necessarily ... culpable or inexcusable." *Id.* (emphasis omitted). Ultimately, a defendant's neglectful failure to answer, without more, is typically not "culpable" unless "there is no explanation of the default inconsistent with a devious, willful, or bad faith failure to respond." *Id.* at 698.

Bykhovsky's motion "legal basis" doesn't provide any basis for setting aside the default. However, piecing together the "declaration" and the "background" sections, Plaintiff attempts to piece together the argument.

Bykhovsky appears to assert good cause exists because he wasn't "personally served" and had "no notice that a judgment was being sought against me until recently." Bykhovsky says he learned about the judgment from a third party – but doesn't provide any facts regarding who, when, or how.

The record reflects that in fact, Bykhovsky had notice of this action and chose not to defend. Bykhovsky appeared in the case before and made filings. That Bykhovsky was

never served *in hand* does not mean that service was never properly performed. Service was performed in compliance with the Court's alternative service order, and the SAC was served pursuant to Fed. R. Civ. P. 5. Bykhovsky offers no explanation as to why he appeared in the case and made filings but subsequently thereafter reverted to ignoring the action.

Generally, a plaintiff's proof of service constitutes "prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *S.E.C. v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007). A defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir.2005); *Bally Export Corp. v. Balicar, Ltd*., 804 F.2d 398, 400–01 (7th Cir.1986) (holding defendants had burden to prove court lacked jurisdiction due to insufficient service of process and pursuant to Illinois longarm statute); *Jones v. Jones*, 217 F.2d 239, 242 (7th Cir.1954).

The burden is a "substantial one." S.*E.C.,* 509 F.3d at 1166 (9th Cir. 2007).

"The defendant who chooses not to put the plaintiff to its proof, but instead allows default judgment to be entered and waits, for whatever reason, until a later time to challenge the plaintiff's action, should have to bear the consequences of such delay." *S.E.C.,* 509 F.3d at 1166 (9th Cir. 2007).

Bykhovsky's statement that he wasn't personally served is nowhere near the threshold of "strong and convincing evidence" to overcome the prima facie evidence of valid service, filed on January 25, 2024 (Dkt. 37) and September 12, 2024 (Dkt. 74).

In addition to service of the operative complaint, Plaintiff has also mailed all filings to Bykhovsky's address. In some cases, filings were made to several addresses – even though the address of record with the Court is one located in Panama. Plaintiff did this in part because he doesn't believe that Bykhovsky was ever in Panama on a long term basis

while this litigation was in progress. Entires made by the Court which have been mailed to the Panama address have been returned undeliverable.

In an abundance of caution, Plaintiff for example mailed copies of the motion for default judgment to Puerto Rico address 1709 C. Leon M. Acuna, which Bykhovsky listed when signing a consent judgment on October 22, 2024 in another case, which also arose out of violations of the TCPA. Dkt. 106-1 ¶ 7(b).

Plaintiff also emailed Bykhovsky, at the address that the parties have communicated using in the past, on November 14, 2024, informing him of an intent to seek default judgment. Rojas Dec'l ¶ 5. Plaintiff also emailed Bykhovsky on April 13, 2025, seeking to confer on Plaintiff's request for upcoming electronic appearance request. Rojas Dec'l ¶ 6. Bykhovsky provides no explanation for why a case he made filings for in early 2024 came off his radar and for which he decided to no longer participate in.

This isn't a situation where the judgment should be a surprise and that the only filing served is the summons, complaint, request to enter default, and motion for default judgment. Plaintiff has a record of at least 48 mailings being made to Bykhovsky's various constantly shifting addresses. Rojas Dec'l ¶ 7.

Bykhovsky is unable to rebut the "substantial burden" that he was properly served. If he had no notice of the case – how did he appear once already, and seek default be set aside. Bykhovsky is also capable of making of court filings pro se – although Plaintiff believes he did so via co-Defendant Cuenza.

If a party is "legally sophisticated," the court may deem its conduct culpable if it has "received actual or constructive notice of the filing of the action and failed to answer[.]" *Franchise Holding II*, 375 F.3d at 926; *Mesle*, 615 F.3d at 1093 ("When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality."). Despite Bykhovsky's inability to follow the rules, he is sufficiently "legally sophisticated" to make filings in the case that at one point he made the motion to set aside default, a motion to dismiss for lack of personal jurisdiction (Dkt. 46). Bykhovsky has also been sued in other TCPA and other federal

actions and has signed associated legal documents such as waivers of service and consent judgments.

Even if the Court finds Bykhovsky to not be "legally sophisticated," Bykhovsky has engaged in culpable conduct even under the less stringent test designed for parties not considered legally sophisticated.

Bykhovsky's conduct is devious, willful, and bad faith. Bykhovsky at one point appeared and seemed to be interested in participating, but apart from filing a motion, they failed to further continue participation. Having done this once already, the Court should not provide Bykhovsky another opportunity to further delay this litigation. They should not get to undo the Court and Plaintiff's work on this case.

### B.  Bykhovsky Does Not Have a Meritorious Defense

Notwithstanding that Bykhovsky can't show he wasn't properly served – Bykhovsky also cannot show that he has a meritorious defense. A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. *See TCI*, 244 F.3d at 700 (citing *Madsen v. Bumb*, 419 F.2d 4, 7 (9th Cir. 1969)).

Here, Bykhovsky appears to argue that his meritorious defense is he is "not a call center operator," "did not make or authorize any of the alleged calls," and "was not involved in the direct marketing or delivery of the ringless voicemails at issue in this case." The declaration states that he "had no meaningful involvement." What meaningful involvement means is unknown.

Each of these is contradicted by the record. A February 21, 2018 YouTube video, uploaded by the account "Alex Gold Inc," begins with "Hey guys I'm Alex Gold I'm 30 years old I've been running call centers for the last ten years … I was constantly opening up call centers and trying to run a business" "___ and do what I did from scratch." SAC ¶ 224. Additional references to Bykhovsky promoting his experience are in the SAC ¶ 222, 228-232.

As explained in the motion for default judgment, Bykhovsky stated during a phone call with Plaintiff that he worked with Cuenza on the website and the telemarketing actions

alleged in this case. SAC ¶ 88. Alex Gold Holdings and Bykhovsky has entered into settlement agreements as well as has had judgments entered against it for TCPA violations. *Callier v. Bykhovsky*, 2:24-cv-01003 (D. Nev., ECFs. 1, 11).

Bykhovsky's company, Unplugged Media, was listed in the footer of the website domain which was used to email Plaintiff during the call back following Call 1 and further establishes the connection between Unplugged Media, Bykhovsky, and this case.

As an officer of his companies, Bykhovsky is responsible for its operations. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'")

While the burden of demonstrating a meritorious defense is relatively low, Bykhovsky's declaration does not meet the bar and is contradicted by the record. Moreover, Plaintiff believes no weight should be given to the declaration because the signature is so different than signatures that are known to be Bykhovsky's – and that Bykhovsky, who alleges he is in Panama (or Puerto Rico), was unlikely to be in Los Angeles on the day he filed the request to set aside.

Bykhovsky's statements concerning not profiting or having limited financial means are irrelevant and misstate the standard of the TCPA. One does not need to make a profit from telephone calls to violate the TCPA. Similarly, ability to satisfy a judgment is not a factor in awarding a judgment – and the Court (properly) exercised its discretion to award just statutory damages for each violation in this case. Bykhovsky was provided notice of the lawsuit and the pendency of the default judgment hearing and nevertheless failed to give this action the attention it required. This is not the first time he has done so.

**C.      Reopening the default judgment would prejudice Plaintiff**

A party's ability to pursue a claim can be prejudiced by "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI.,* 244 F.3d at

701. Bykhovsky makes absolutely argument in support of his contention that reopening would not prejudice Plaintiff, despite it being Bykhovsky's burden.

Plaintiff believes that evidence concerning this case has surely been lost by the defendants by their failure to preserve it. For example, the website bottom-lineconcepts.com, which had in the footer Bykhovsky's company information (SAC ¶ 105), no longer exists.

When resolving a defendant's request to set aside default the court's "underlying concern ... is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Bykhovsky evidently would not be able to participate in this case in a productive fashion. Plaintiff believes that if judgment is ultimately set aside, that while the parties engage in discovery, default judgment would likely be entered again because of the defendants failures to comply with discovery obligations.

Bykhovsky claims mistake and inadvertence are other reasons the Court should vacate the judgment, but offers no arguments in support. He fails to identify what mistake or inadvertent action – rather than conscious choice - he made.

## V. Conclusion

Plaintiff has diligently pursued his claim throughout this case, and although cases should be decided on their merits, Bykhovsky has failed to meet both the high bar that he wasn't served and the low bar that he has a meritorious defense. Setting aside the judgment would also harm Plaintiff.

The Court should deny Bykhovsky's motion and allow the judgment to stand.

/ / /

Respectfully submitted,

Dated: June 8, 2025

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

### **STANDING ORDER LENGTH CERTIFICATE OF COMPLIANCE**

The undersigned, Plaintiff Jorge Alejandro Rojas, certifies that the motion, excluding the notice does not exceed the twenty-five (25) page limit prescribed in this Court's Standing Order. Dkt. 97.

Dated: June 8, 2025

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS

### **CERTIFICATE OF SERVICE**

Plaintiff will mail a copy of this filing to each Defendants last known address and/or registered agent via USPS Mail. Plaintiff will mail a copy to Bykhovsky's address of record on the docket sheet as the address that is handwritten at the top of Dkt. 113 is illegible and Bykhovsky has not filed a change of address. However, Plaintiff believes the address may be 150 S. Gardener St Los Angeles, CA 90036, and will mail a copy of this filing to that address as well.

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS