

Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
424-219-1582

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>                Plaintiff,<br><br>v.<br><br>UNPLUGGED MEDIA, LLC, et al,<br><br>                Defendants. | Case No. 2:23-cv-02667-AH-KS<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CHRISTOPHER GUTIERREZ CUENZA'S "REQUEST TO SET ASIDE DEFAULT JUDGMENT"** |

    Plaintiff, Jorge Alejandro Rojas, responds to Defendant Christopher Gutierrez Cuenza aka Chris Cuenza's ("Cuenza") May 29, 2025 "Request to Set Aside Default Judgment" (Dkt. 114). For the reasons set forth below, the Court should deny the motion.

**I.   Introduction**

    Cuenza, despite being properly served in this action, has failed to participate in this litigation until now. Cuenza cannot demonstrate that he meets the three-factors set out in *Mele* when considering whether to reopen a default judgment under Fed. R. Civ. P. 60(b) for excusable neglect. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Cuenza continues to demonstrate that he does not intend to seriously participate in this action including comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Standing Order.

The Court should deny Cuenza's motion and let the judgment stand.

## II. Background

This is an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and its regulations, 47 C.F.R. § 64.1200. As relevant here, it alleges that Cuenza was part of a telemarketing scheme in which at least sixty two (62) telephone calls were made to Plaintiff without his consent.

On August 6, 2024, Plaintiff filed a Second Amended Complaint (Dkt. 59), which was the first pleading for which Cuenza was named in. On September 9, 2024, Cuenza was served, at the same address he asserts he currently resides at. Dkt. 72. Proof of service was filed on September 12, 2024. *Id.* On October 2, 2024, Plaintiff sought the entry of default pursuant to Fed. R. Civ. P. 55(a). Dkt. 80. On October 7, 2024, the Clerk entered the default. Dkt. 83.

On January 31, 2025, Plaintiff moved this Court for default judgment. Dkt. 99. A hearing was held on March 12, 2025. Dkt. 105. Cuenza did not appear – despite having notice of the hearing (Dkt. 99 p. 28; Dkt. 106-1 ¶¶ 7-8). The hearing was continued to May 7, 2025, with supplemental briefing due by April 16, 2025. *Id.* Plaintiff filed a supplemental declaration on April 16, 2025. Dkt. 106. On April 30, 2025 (entered May 1, 2025), the Court granted Plaintiff's motion for default judgment. Dkt. 108. The Court entered a final judgment on May 7, 2025. Dkt. 111.

On May 29, 2025, Cuenza filed a "Request to Set Aside Default Judgment." Dkt. 114.

## III. Cuenza's "Request" is Improperly Filed

The Court can deny the "request" on the basis that Cuenza has failed to comply with the Court's Local Rules, Standing Orders, and the Federal Rules of Civil Procedure.

Cuenza has failed to confer with Plaintiff prior to the filing of the request pursuant to L.R. 7-3. Although Cuenza has stricken out the term "motion" from the title of his filing and wrote "request" instead he still states that he "respectfully moves" the Court. The Court's Standing Order is clear that the conferral requirement applies to "all issues." Dkt.

97 p. 7. Cuenza has also failed to notice the motion for a hearing date in compliance with L.R. 6-1.

Cuenza's filing has several indications that it has been written by artificial intelligence based on the way it is formatted (such as the inclusion of "**" in the headings/paragraphs). The Court's Standing Order requires that any filing which contains content generated by artificial intelligence include a certification statement concerning the verification of its validity. Dkt. 97 p. 7.

Cuenza's case citations and the positions they advocate for are incorrect. Cuenza relies on "Kemp v. U.S" at "142 S. Ct. 1856" for the proposition that judgment resulted from mistake and lack of notice. *Kemp* actually doesn't involve lack of notice. Kemp was about parties "dispute [over] the extent to which a judge's legal errors qualify as "mistake[s]" under Rule 60(b)(1)." *Kemp v. United States,* 596 U.S. 528, 533 (2022). Cuenza's argument is that he wasn't served in the case – not that this Court made a legal error.

Cuenza cites to "Golan v. Veritas Ent" which is purportedly at 2016 WL 3548766. Dkt. 114 p. 2. Plaintiff performed a WestLaw search of the WestLaw citation, but a case of *Sloan v. United States* comes up.

Cuenza cites to *Franchise Holding II LLC v. Huntington Restaurants Group, Inc* for the proposition that "setting aside the judgment will not harm Plaintiff." Dkt. 114 p. 2. In that case, the Ninth Circuit agreed with the district court that setting aside the default would cause prejudice. *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc*., 375 F.3d 922, 927 (9th Cir. 2004) ("Accordingly, we conclude that the district court did not abuse its discretion by denying HRG's motion on the ground that any further delay would prejudice Franchise Holding.").

Cuenza's declaration is also deficient in that it is not separate from the main document being filed. Dkt. 97 p. 5.

Cuenza includes a proof of service stating that a copy of the filing was e-mailed to Plaintiff. Dkt. 114 p. 4. Although Plaintiff is registered for CM/ECF notifications, Cuenza

is not a CM/ECF filer, and Plaintiff has not consented to service via e-mail of non-CM/ECF filings. **Exhibit 1**, Declaration of J. Rojas ("Rojas Dec'l") ¶ 3. Such consent must be in writing. Fed. R. Civ. P. 5(b)(2)(F). Even if Plaintiff had provided such consent, Plaintiff has no record of receiving a copy of the filing from Cuenza via e-mail. Rojas Dec'l ¶ 4.

These procedural violations demonstrate that Cuenza is unable to follow the Court's rules and that if the judgment is set aside, Cuenza will likely continue to violate the same, and eventually another default judgment would be entered.

### IV.  Cuenza Fails to Meet the Bar for Rule 60(b) Relief

In the Ninth Circuit, the standard for vacating a default judgment under Rule 60(b) is the same "good cause" standard for vacating an entry of default under Rule 55(c). *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).

"To determine good cause, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Mesle*, 615 F.3d at 1091 (9th Cir. 2010) (quoting *Franchise Holding II*, 375 F.3d at 925–26) (internal quotation marks omitted). "[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988)).

Because this three-factor test is disjunctive, "a finding that any one of [the three] factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091 (internal citations omitted). When resolving a defendant's request to set aside default the court's "underlying concern ... is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

### A. Cuenza's Conduct was Culpable

A defendant's conduct is culpable if the defendant "has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI*, 244 F.3d at 697 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (internal quotation marks omitted)). Courts may consider a defendant's neglectful failure to answer in determining whether to set aside default. *Id*. at 697–98. However, the "neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' ... and is therefore not necessarily ... culpable or inexcusable." *Id*. (emphasis omitted). Ultimately, a defendant's neglectful failure to answer, without more, is typically not "culpable" unless "there is no explanation of the default inconsistent with a devious, willful, or bad faith failure to respond." *Id*. at 698.

Cuenza asserts good cause exists because he wasn't properly served. He offers no other explanation or justification other than this. In fact, Cuenza had notice of this action and chose not to defend.

Generally, a plaintiff's proof of service constitutes "prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *S.E.C. v. Internet Solutions for Business, Inc*., 509 F.3d 1161, 1163 (9th Cir. 2007). A defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir.2005); *Bally Export Corp. v. Balicar, Ltd*., 804 F.2d 398, 400–01 (7th Cir.1986) (holding defendants had burden to prove court lacked jurisdiction due to insufficient service of process and pursuant to Illinois longarm statute); *Jones v. Jones*, 217 F.2d 239, 242 (7th Cir.1954).

The burden is a "substantial one." S.*E.C.,* 509 F.3d at 1166 (9th Cir. 2007).

"The defendant who chooses not to put the plaintiff to its proof, but instead allows default judgment to be entered and waits, for whatever reason, until a later time to challenge the plaintiff's action, should have to bear the consequences of such delay." *S.E.C.,* 509 F.3d at 1166 (9th Cir. 2007).

In support of the contention that he wasn't properly served, all Cuenza states in his declaration is that he was "[] never served at my current address: 228 S Ave 18, Unit E, Los Angeles, CA 90031." Dkt. 114 p. 3. This is nowhere near the threshold of "strong and convincing evidence" to overcome the prima facie evidence of valid service, filed on September 12, 2024 (Dkt. 72). The registered California process server provided a physical description of the individual served – at the same address Cuenza claims he wasn't served at. Dkt. 72. The process server states that the individual confirmed their identity by answering in the affirmative when named. In fact, the registered California process server's description says that Cuenza had "short hair dyed blond on the top." A social media picture of Cuenza fits this description. **Exhibit 2** (Chris Cuenza Instagram Picture).

Moreover, although not filed with the proof of service, the process server provided pictures and a GPS location of the service. **Exhibit 3** (Service of Process Supporting Information). One of the pictures even shows mail addressed to Mr. Cuenza which was located near the door.

Cuenza's statement does not overcome the registered California process server's declaration, executed under penalty of perjury, that service took place.

In addition to service of the operative complaint via a process server, Plaintiff has also mailed all filings to Cuenza's address. In fact, some of the mailings were made using delivery confirmation services. **Exhibit 4** (Stamps.com History). For example, Plaintiff has USPS delivery confirmation records demonstrating that on September 17, 2024, a copy of Dkt. 74 (certificate of service regarding Amended Complaint on Bykhovsky) was delivered, on October 8 2024 Dkt. 80 (request to enter default against Cuenza) and 81 (request to enter default against CBS Wyoming), on November 19, 2024 Dkt. 94 (request to enter default against Alex Gold Holdings), and on May 9, 2025 Dkt. 108 (order on

motion for default judgment) and 109 (application to tax costs). Rojas Dec'l ¶ 5. How did Cuenza get notice of the lawsuit and judgment not until some unspecified date in May despite having deliveries of other filings in the case made to the same address he was served at?

Despite no requirement to serve Cuenza with copies of filing after the entry of default – since Cuenza never appeared – Plaintiff nevertheless sent them. This isn't a situation where the judgment should be a surprise and that the only filing served is the summons, complaint, and request to enter default. Plaintiff has a record of at least 11 mailings (including the four with delivery confirmation) being made to Cuenza at the address he was served at. Rojas Dec'l ¶ 5.

Cuenza's other two corporate entities – Chris Biz Services – as separate Wyoming and Texas entities, were also served in this action. These entities had appointed registered agents (Second Amended Complaint (Dkt. 59 ("SAC")) ¶¶ 11-12). As part of their duties as registered agents, they notified each respective company's sole officer – Cuenza, of this action, and provided it with the complaint – which would have also put Cuenza on notice that he was also being sued in his individual capacity.

Cuenza is unable to rebut the "substantial burden" that he was properly served. Cuenza is also capable of making of court filings pro se – Plaintiff believes he did so on behalf of co-Defendant Alexander Bykhovsky in the past and did so in the Bykhovsky request to vacate as well. Cuenza's statement that he "first learned of this lawsuit in May 2025" (Dkt. 114 p. 2) is untrue because Cuenza has made filings on Bykhovsky's behalf in this case. In early 2024, Cuenza mailed copies of filings purportedly made by Bykhovsky to Plaintiff. Dkt. 51-1 ¶ 4.

If a party is "legally sophisticated," the court may deem its conduct culpable if it has "received actual or constructive notice of the filing of the action and failed to answer[.]" *Franchise Holding II*, 375 F.3d at 926; *Mesle*, 615 F.3d at 1093 ("When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality."). Despite Cuenza's inability to

follow the rules, he is sufficiently "legally sophisticated" to make filings in the case that at one point he made the motion to set aside default judgment for Bykhovsky and a motion to dismiss for lack of personal jurisdiction (Dkt. 46). Cuenza has filed a declaration in support of a motion to dismiss for lack of personal jurisdiction in another case. *Schmidt v. Chris Biz Services, LLC,* S.D. Fl., 2:23-cv-14284-DMN. Even if the Court finds Cuenza to not be "legally sophisticated," Cuenza has engaged in culpable conduct even under the less stringent test designed for parties not considered legally sophisticated.

Cuenza's conduct is devious, willful, and bad faith. Cuenza continues to work with Bykhovsky and both were aware of these actions. Only after a judgment was entered did they decide to pay (some) attention to it. They should not get to undo the Court and Plaintiff's work on this case.

### B. Cuenza Does Not Have a Meritorious Defense

Notwithstanding that Cuenza can't show he wasn't properly served – Cuenza also cannot show that he has a meritorious defense.

A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. *See TCI*, 244 F.3d at 700 (citing *Madsen v. Bumb*, 419 F.2d 4, 7 (9th Cir. 1969)).

Here, Cuenza argues that his meritorious defense is he "lacked control over the alleged TCPA violations." Dkt. 114 p. 2. Cuenza claims he had a "limited role" and his "work was strictly administrative." Cuenza may have been a "1099 contractor" for the non-Chris Biz Services corporate entities – but Cuenza's role in this lawsuit goes beyond being a purported 1099 contractor for the entities controlled by Bykhovsky. Cuenza's businesses are also sued here for their role in the telemarketing conduct[1] – and Cuenza can't claim as an officer of his own company that his role was "strictly administrative."

As explained in the motion for default judgment, Bykhovsky stated in sum and substance during a phone call with Plaintiff that he worked with Cuenza on the website and

---

[1] Those entities are also part of the default judgment – but have not sought relief.

the telemarketing actions alleged in this case. SAC ¶ 88. Cuenza and CBS have been sued by others – related to telemarketing regarding Bottom Line and the ERC credit. *Schmidt v. Chris Biz Services, LLC,* S.D. Fl., 2:23-cv-14284-DMN. The Amended Complaint in *Schmidt* shows websites with Bottom Line's logo with footers of Chris Biz Services, in addition to statements that demonstrate that CBS uses "pre-recorded voice messages." Additionally, the phone numbers and calling scripts alleged in *Schmidt* are similar or identical to that alleged here.

Additionally, the website ercfederalcredit.com, which used the Bottom Line Concepts logo, contained a footer of Copyright 2023 Chris Biz Services. All rights reserved." SAC ¶ 70.

As an officer of his companies, Cuenza is responsible for its operations. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'")

While the burden of demonstrating a meritorious defense is relatively low, Cuenza's declaration does not meet the bar. Cuenza's statement that his "income was limited to administrative work, not profits" (Dkt. 114 p. 3) misstates the standard of the TCPA. One does not need to make a profit from telephone calls to violate the TCPA. Cuenza's statement that he lacks the financial means to satisfy the judgment (Dkt. 114 p. 3) is also irrelevant. Ability to satisfy a judgment is not a factor in awarding a judgment – and the Court (properly) exercised its discretion to award just statutory damages for each violation in this case.

### C. Reopening the default judgment would prejudice Plaintiff

A party's ability to pursue a claim can be prejudiced by "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI.,* 244 F.3d at 701.

Cuenza makes no argument in support of his contention that reopening would not prejudice Plaintiff, despite it being Cuenza's burden.

Plaintiff believes that evidence concerning this case has surely been lost by the defendants by their failure to preserve it. For example, a September 2023 version of the Chris Biz Services website admitted to the use of pre-recorded voice messages, SAC ¶ 75, but a later version shifted to a website stating that legal services are being provided instead (SAC ¶ 76). And now the ercfederalcredit.com website no longer exists, despite in the past containing Chris Biz Services' information in the footer. SAC ¶ 70.

When resolving a defendant's request to set aside default the court's "underlying concern ... is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Cuenza evidently would not be able to participate in this case in a productive fashion – especially considering that he is filing briefs with case citations that either don't exist or aren't for the proposition they contend to be for. Plaintiff believes that if judgment is ultimately set aside, that while the parties engage in discovery, default judgment would likely be entered again because of the defendants failures to comply with discovery obligations.

**V.    Conclusion**

Plaintiff has diligently pursued his claim throughout this case, and although cases should be decided on their merits, Cuenza has failed to meet both the high bar that he wasn't served and the low bar that he has a meritorious defense. Setting aside the judgment would also harm Plaintiff.

The Court should deny Cuenza's motion and allow the judgment to stand.

/ / /

Respectfully submitted,

Dated: June 8, 2025

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

**STANDING ORDER LENGTH CERTIFICATE OF COMPLIANCE**

The undersigned, Plaintiff Jorge Alejandro Rojas, certifies that the motion, excluding the notice does not exceed the twenty-five (25) page limit prescribed in this Court's Standing Order. Dkt. 97.

Dated: June 8, 2025

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS

**CERTIFICATE OF SERVICE**

Plaintiff will mail a copy of this filing to each Defendants last known address and/or registered agent via USPS Mail. Plaintiff will mail a copy to Bykhovsky's address of record on the docket sheet as the address that is handwritten at the top of Dkt. 113 is illegible and Bykhovsky has not filed a change of address. However, Plaintiff believes the address may be 150 S. Gardener St Los Angeles, CA 90036, and will mail a copy of this filing to that address as well.

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS